[Crim. No. 20117. Second Dist., Div. One. Oct. 29, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
FRED SIDNEY DAVIS, SR., Defendant and Respondent.

**COUNSEL**

David D. Minier, District Attorney, G. Bruce Gourley, Assistant District Attorney, and James W. Houlihan, Deputy District Attorney, for Plaintiff and Appellant.

Davis, Wendt & Mitchell and Robert D. Wendt for Defendant and Respondent.

**OPINION**

**THOMPSON, J.**—This is a People's appeal pursuant to Penal Code section 1238, subdivision (8) from an order of the superior court dismissing criminal proceedings against respondent because of suppression of evidence by the prosecution. We reverse the judgment of dismissal and remand the matter to the trial court for determination of whether that suppression of evidence has irreparably impaired respondent's right to a fair and speedy trial.

On March 11, 1970, appellant filed an information charging respondent with two counts of statutory rape and two counts of incest. The alleged victims are his two daughters. The information, as subsequently amended, charges acts committed on December 11, 1966, November 17, 1967, and December 11, 1967, when the victims were 12 and 13 years of age. On

July 3, 1970, respondent filed two essentially identical motions each seeking an order of the trial court requiring that the identified complaining witness "be required to present herself . . . for a psychiatric examination at the defendant's expense by a psychiatrist to be selected by the defendant to examine into her mental condition prior to trial. . . ." Respondent's declarations filed in support of the motions state in effect that the charges against him by his two daughters were first made in 1969 after respondent had returned from an overseas assignment in Thailand and bitter marital discord, resulting in a contested divorce proceeding, had developed between respondent and the mother of the complaining witnesses. The declaration also recites conduct of the complaining witnesses in the interim inconsistent with the charges made by them.

The deputy district attorney representing appellant, while not objecting to the psychiatric examination in principle, raised objection to the form of the order contained in the prayer of the motion on four grounds: (1) that the time set for the examination was too long in the future and would require an undue continuance of the trial; (2) that the scope of examination was unlimited; (3) that the order sought by the motion did not provide for attendance of a representative of the district attorney during the examination; and (4) that the proposed order did not name a specific psychiatrist to perform the examination but rather directed the examination by a psychiatrist of "defendant's choice." The deputy district attorney argued also that the motion was made late in the proceedings and alluded to an alleged threat by respondent that the examination would be used to harass and embarrass the witnesses. He produced no evidence by declaration or testimony to support his statement that a threat had been made.

Respondent's counsel met appellant's argument by stating that it was necessary to postpone the examination in the best interest of one of the witnesses who was then married and pregnant. He argued that it was best to delay the examination until after the witness delivered lest some possible psychological trauma from the examination might affect her pregnancy. Respondent's counsel proposed, also, that the examination be conducted by Dr. Bernard Diamond, a medical doctor, psychiatrist, and criminologist in Berkeley, California. He stated that the examination might be conducted either in Santa Barbara, the place of trial, or in Berkeley where Dr. Diamond maintained his office. Respondent's counsel indicated that he had no objection to the presence of a representative of the district attorney at the examination and that its scope might be limited to that examination necessary to determine the witness' psychological state as it bore upon credibility.

The deputy district attorney argued that the witnesses might be willing

to submit to an examination by a local psychiatrist but not to a "defense oriented psychiatrist in San Francisco." He presented no evidence to indicate that Dr. Diamond was defense oriented, but did state to the court that the witnesses "would be advised that they would not have to appear before the psychiatrist."

The trial court orally granted the motion for an examination by Dr. Diamond to be conducted at his office upon seven days notice to the district attorney and to the witnesses. It set the time for the examination as "at least 20 days prior to trial." In its minute order, the court specified that the examination be conducted prior to October 23, 1970, and that respondent should advance travel expense of the witnesses to their mother.

Appellant did not seek judicial review of the order compelling psychiatric examination. The same day that the order was issued, however, a deputy district attorney directed letters to the complaining witnesses informing them that the court had approved a request that they be examined by a psychiatrist. The letters continue: "This letter is to inform you that even though the court has so ruled, you have the complete and perfect right to refuse to submit to this examination. Before making a decision you should consider the following: 1. You have submitted for a lie detector examination along with your mother and were found to be telling the truth. Your father has not and will not submit to such an examination. 2. The psychiarist appointed is defense oriented and that will be his approach he will attempt to discredit you and your testimony. Here again, your father has not and will not submit to a psychiatric examination. 3. For the convenience of the doctor, he has required that you be examined in San Francisco, which would require traveling and motel expenditures along with the great amount of inconvenience to you. 4. You will not be protected by the doctor-patient confidential relationship. Anything that you tell the doctor may be interpreted and used directly or indirectly by the doctor in his testimony against you and for your father at his trial. 5. There are several competent and well qualified psychiatrists locally (between San Luis Obispo and Santa Barbara). These doctors would be much more convenient and could probably do as good a job in reaching a diagnosis. However, they do not specialize in testifying for the defense in criminal cases. Since I am not your attorney, I am unable to advise you as to the best course of action. If you have the name of any doctor-psychiatrist which you would prefer, please let me know. Be assured of my fullest cooperation in this matter."

Neither the court nor defense counsel was informed that the letter was sent and neither was furnished with a copy. Most of the statements which

the deputy district attorney invited the witnesses to consider are unsupported by the record. Moreover, the record indicates that many of them misstate the facts. Respondent's counsel informed the court that his client would submit to a polygraph and psychiatric examination. The letter, while stating that travel to the bay area will involve expense, omits the fact that the order requires that the expense be paid by respondent. There is no showing at all that Dr. Diamond is "defense oriented" or that he specializes in "testifying for the defense" beyond a bare statement by the deputy district attorney that Dr. Diamond testified for the defense in two criminal cases. There is no showing that Dr. Diamond intended to conduct his examination unobjectively to discredit the witnesses.

Respondent did not schedule the psychiatric examinations prior to October 23 because the pregnant daughter had not then delivered her baby as initially anticipated. Respondent made a new motion for psychiatric examinations on November 13, 1970, stating the reasons why the examinations had not been conducted pursuant to the original order. Appellant resisted the motion but presented no competent evidence in opposition. Appellant based its resistance solely upon hearsay statements in a declaration of the deputy district attorney that respondent had told his daughters that the examination would be used for harassment. The prosecutor did not inform the court or defense of the July 27 letter. The court granted the motion and ordered that the examination be conducted prior to November 23, 1970, by Bernard Diamond, 2607 Ellworth, Berkeley, California. It ordered respondent to pay $100 for travel expense. Trial was continued to February 16, 1971. On January 8, 1971, respondent again moved for psychiatric examinations and supported his motion by declarations that the complaining witnesses had refused to appear for the examinations as ordered. The trial judge denied the motion on the ground that respondent's rights were protected by an opportunity to comment at trial upon the failure of the witnesses to submit to the examinations. At the time of his order denying the motion, the trial judge was unaware of appellant's letter of July 27 to the complaining witnesses.

The letter came to light on February 16. Respondent moved to bar the testimony of the two complaining witnesses. The motion was granted and the matter continued to the following day. On February 17, the order barring testimony was vacated but the case against respondent was dismissed pursuant to Penal Code section 1385 because the conduct of the deputy district attorney in wilfully suppressing evidence had deprived respondent of a fair trial.

The People have appealed from the judgment of dismissal. They contend that: (1) the order directing psychiatric examination of the witnesses was

erroneous in form and substance; (2) the order is unenforceable; (3) the trial court erred in not informing the witnesses of their "right to privacy"; (4) the order barring testimony of the complaining witnesses is improper;[1] and (5) the trial court erred in dismissing the information. We conclude that while the trial court properly ordered psychiatric examination of the complaining witnesses and properly found that the deputy district attorney had suppressed evidence so as to deny respondent a fair trial to the date that the suppression was discovered, it erred in dismissing the information without a hearing to determine whether a fair and speedy trial might be afforded respondent after the suppression of evidence was discovered.

The case before us presents two rather narrow issues: did the trial court properly find that the prosecution had suppressed evidence and, having so found, did it exceed its discretion in imposing the sanction of dismissal of the information?

The record clearly supports the trial court's finding that the deputy district attorney suppressed evidence in a fashion which denied respondent a potential avenue of defense. ██ "[T]he admission of psychiatric evidence as to the mental and emotional condition of a complaining witness [to a sex violation] for the purpose of impeaching her credibility is a matter to be determined by the trial court through the exercise of sound legal discretion, and . . . the trial court may, also in the exercise of sound legal discretion, order that a complaining witness submit to a psychiatric examination for this purpose 'if the circumstances indicate a necessity' therefor. . . ." (*People v. Russel,* 69 Cal.2d 187, 193 [70 Cal.Rptr. 210, 443 P.2d 794]; *Ballard v. Superior Court,* 64 Cal.2d 159 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416].)

██ Here the record discloses a factual basis which supports the exercise of discretion by the trial judge in a manner ordering psychiatric examinations. Two to three years had intervened from the time of the alleged acts of incest and statutory rape until the victims complained of them. In the intervening period, a bitter domestic dispute developed between respondent and the mother of the alleged victims. The complaining witnesses were of an age where that dispute between their parents could have had a profound emotional effect upon them. The charges made by the complaining witnesses are essentially uncorroborated. Under those circumstances, it cannot be said on appeal that the trial judge abused his discretion in finding a compelling reason for a psychiatric examination.

██ The record also supports the determination of the trial judge

---

[1]Since that order was vacated, this ground of appeal is moot. We express no opinion on the validity of the order.

that the prosecutor improperly interfered with respondent's right to psychiatric examinations of the complaining witnesses and thereby suppressed evidence. Appellant seeks to justify the conduct of its counsel by attacking the form of the order granting the right to the examinations. That attack does not meet the issue. ■ The question of the form of the order could properly have been raised by a petition for extraordinary writ. It cannot be raised as an excuse to action of the prosecutor suppressing evidence unless it was the defect in the order and not the action of the prosecutor that resulted in the denial of the evidence to respondent. Nothing in the record suggests that anything other than the letter of July 27 resulted in that denial.

Appellant seeks to justify the letter of July 27 by reference to language in *Ballard* v. *Superior Court, supra,* 64 Cal.2d 159, 177, stating: "The complaining witness should not, and realistically cannot, be forced to submit to a psychiatric examination or to cooperate with a psychiatrist. In the event that the witness thus refuses to cooperate, however, a comment on that refusal should be permitted." Appellant argues that the letter of July 27 merely informed the complaining witnesses of their rights under *Ballard*. The letter, however, goes much further than contended by appellant. Far from being an informational statement of the right of the complaining witnesses to refuse the examination, that letter is an advocate's brief on why the complaining witnesses should exercise the right. Moreover, the communication consists mainly of charges against the good faith of the proposed examination which are either established as untrue or shown to be unsubstantiated.

■ The only fair interpretation of the letter of July 27 is that it represents an attempt by the prosecuting attorney to induce the complaining witnesses to refuse the psychiatric examination ordered by the trial court. The letter was effective since the witnesses in fact refused the examination. The trial court thus properly concluded that the prosecution had, to the date of discovery of the letter by the court and the defense, suppressed evidence and denied respondent the fair opportunity of preparing for trial. ■ "The search for truth is not served but hindered by the concealment of relevant and material evidence. Although our system of administering criminal justice is adversary in nature, a trial is not a game. Its ultimate goal is the ascertainment of truth, and where furtherance of the adversary system comes in conflict with the ultimate goal, the adversary system must give way to reasonable restraints designed to further that goal." (*In re Ferguson,* 5 Cal.3d 525, 531 [96 Cal.Rptr. 594, 487 P.2d 1234].) The conduct of the prosecution here as effectively deprived the defense of the results of psychiatric examinations as if the

prosecution had deliberately concealed the results of examinations actually conducted.

Our conclusion that the trial court correctly determined that the prosecution had suppressed evidence does not dispose of the case at bench. There remains the need to determine the propriety of the action of that court dismissing the information pursuant to Penal Code section 1385. ■ While the trial court possesses discretion to dismiss a criminal case in the interest of justice, that discretion is not unbridled and must be exercised in light of the reason for its exercise. (*People* v. *Beasley,* 5 Cal. App.3d 617, 629 [85 Cal.Rptr. 501].) ■ We conclude that the record before us does not support the exercise of trial court discretion in a manner dismissing the information. The trial court held no hearing on the result of the prosecution's conduct upon respondent's ability to obtain an effective psychiatric examination of the complaining witnesses after the prosecution's conduct was discovered. If that conduct did not prevent an effective examination, it was possibly censurable by the trial court but not a ground for dismissal. Thus, cases decided by our Supreme Court finding suppression of evidence have ordered a new trial and not dismissal. (See e.g., *In re Ferguson, supra,* 5 Cal.3d 525; *People* v. *Kiihoa,* 53 Cal.2d 748 [3 Cal. Rptr. 1, 349 P.2d 673]; *People* v. *McShann,* 50 Cal.2d 802 [330 P.2d 33].)

We thus conclude that the judgment of dismissal must be reversed and the matter remanded to the trial court with instructions to determine at an appropriate hearing whether the letter of July 27 and consequent delay, or any other conduct of the prosecutor, have deprived respondent of the opportunity to obtain an effective psychiatric examination of the complaining witnesses, have denied respondent a speedy trial, or have denied respondent any other substantial right which cannot be remedied. If there has been an irreparable denial of any of those rights, the trial court may then properly dismiss the action pursuant to Penal Code section 1385. Otherwise, the interest of the public in the fair prosecution of crimes properly alleged demands that, irrespective of the prosecutor's conduct, there be a trial on the merits after respondent has been afforded the psychiatric examinations ordered by the court.

The judgment of dismissal is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion.

Wood, P. J., and Lillie, J., concurred.