[Civ. No. 65590. Second Dist., Div. Four. Nov. 5, 1982]

DEREK L., a Minor, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Wilbur F. Littlefield, Public Defender, Paul A. James, Adrian Tigmo and David P. Carleton, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and George M. Palmer, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**WOODS, P. J.**—We issued an alternative writ in this matter to determine whether, under the facts of this case, the trial court could have dismissed a petition filed against petitioner under Welfare and Institutions Code section 602, with prejudice to its being refiled. We have determined that petitioner's right to a speedy trial was not violated. Further, such a dismissal would not have been authorized by Welfare and Institutions Code section 782 as in the interests of justice. The lower court properly concluded that no authority existed to prohibit refiling of the instant petition. Therefore, the dismissal without prejudice was properly entered, and the within petition must be denied.

On December 14, 1981, a petition was filed in the Los Angeles Juvenile Court alleging that petitioner, age 15, came within the provisions of Welfare and Institutions Code section 602, in that he violated Penal Code section 484, petty theft, on October 30, 1981. Petitioner was arraigned on March 8, 1982, and the adjudication hearing was set for April 7. Petitioner remained released throughout these proceedings. On April 7, the adjudication hearing was continued to May 5, at the request of the deputy district attorney, because the People's witnesses were unavailable. Petitioner waived time.

On May 5, 1982, petitioner and his attorney again appeared for the adjudication hearing. Present were the deputy district attorney, the minor's father, and three witnesses. The matter was continued to May 6, because of a congested court calendar. On May 6, the same persons appeared again before Judge Gorman, except that a different deputy district attorney appeared for the People. The prosecutor reported that the victim was not present, and had not been in court the day before. Apparently, the victim had changed schools, was no longer living in the valley, and had transportation problems. The deputy district attorney moved that the matter be dismissed without prejudice and that the court accept for filing a new petition. Defense counsel requested that the court dismiss the matter with prejudice, since the People were not ready to proceed and the matter had been previously continued.

The court expressed concern that it had not been informed the day before that the victim was not present. The prosecutor had announced on May 5 that he was ready for trial, although that could not have been an accurate statement if the victim was, in fact, not available. The court was informed that there were other prosecution witnesses present both days, all of whom would prefer to return on another day than to wait any longer. One of the witnesses was a dean of the school, and all were anxious to return to school. The court then stated: "If I am convinced that the victim was not here and that this was known to the District Attorney and I was not informed of it yesterday so I could excuse witnesses, or invite a motion to continue, or something, I am going to dismiss with prejudice."

The prosecutor and court then engaged in a discussion concerning the language of rule 1351(e) of the California Rules of Court, and the court was ultimately persuaded that it had no authority to dismiss with prejudice to refiling under the facts of this case. The judge stated several times, however, that if he had the power to dismiss with prejudice, he would do so. Thereupon, the matter was dismissed without prejudice and the new petition was accepted for filing.

Petitioner thereupon sought a writ of mandate from this court. As the petitioner accurately states: "The issue presented is not whether the juvenile court must dismiss the refiled petition with prejudice, but whether it has the inherent judicial power to do so if it so desires."

I

█ The issue first presented is whether rule 1351(e) of the California Rules of Court prohibits a dismissal with prejudice under the facts of this case. Rule 1351, in pertinent part, provides at subdivision (d) that "when a jurisdiction hearing is not commenced within the time limits prescribed [hereinabove], the court shall order the petition dismissed." Subdivision (e), however, contains the following limitation on that dismissal: "An order under subdivision (d) dismissing the petition prior to the jurisdiction hearing shall not in itself bar the filing of a subsequent petition commencing new proceedings based upon the same allegations as in the original petition, . . ."

It is clear from the record that the lower court felt bound by rule 1351(e), to authorize the filing of a new petition. If this were a dismissal under rule 1351(d), for failure to bring the petitioner to trial within the statutory time limits, then section 1351(e), would authorize refiling by the prosecution. "[J]uvenile court petitions dismissed without a hearing, because of a time problem, may be refiled and a new proceeding commenced thereon." (*Neil G.* v. *Superior Court* (1973) 30 Cal.App.3d 572, 576 [106 Cal.Rptr. 505].)

However, rule 1351(e), and the cases discussing it, do not address the *power* of the court to bar refiling; they simply state that the dismissal for a speedy trial violation does not in itself bar such refiling. Although we are persuaded that the court's power to dismiss juvenile proceedings is broader than, and not limited by, the language of rule 1351(e), we need not resolve that issue here, because this is not a speedy trial case.

As the recited facts demonstrate, petitioner waived time to and including May 5, 1982. Although the record does not reflect that the minor waived time from May 5 to May 6, when the matter was continued because of court congestion, the record of the May 6 hearing demonstrates that no objection was raised to

that one-day delay. After the People moved to dismiss, defense counsel objected that the dismissal should be with prejudice, since the matter had already been continued once. However, no motion to dismiss was made on the basis of a violation of petitioner's right to a speedy trial. Further, the court's desire to prevent refiling was based not on the failure of the People to bring petitioner to trial within the statutory time, but upon the court's displeasure with the prosecutor's alleged misrepresentation concerning the availability of the victim.[1] We therefore proceed to address the critical issue in this case: whether the trial court had authority to bar refiling of the instant petition under these facts.

## II

Petitioner contends that Welfare and Institutions Code section 782 is a general dismissal statute which authorizes a dismissal of a petition, at any stage of the proceedings, at the discretion of the lower court. That section provides: "A judge of the juvenile court in which a petition was filed, at any time before the minor reaches the age of 21 years, may dismiss the petition or may set aside the findings and dismiss the petition if the court finds that the interests of justice and the welfare of the minor require such dismissal, or if it finds that the minor is not in need of treatment or rehabilitation. . . ."

We agree that section 782 is a general dismissal statute. We are also in accord with petitioner's contention that rule 1351(e), does not operate as a limitation upon the dismissal power authorized by the Legislature in section 782.

"Juvenile matters were dismissed at the disposition stage with clear statutory authorization for approximately 45 years. The 1961 recodification [of the entire juvenile court law] did not stop that practice, and we do not feel that the courts have erred in continuing it. . . . [¶] The court is accorded great discretion in its disposition of juvenile matters. It may at any time modify or vacate a dispositional order and may entirely terminate its jurisdiction when it is satisfied that further supervision is unnecessary. [Citation.] It would be inconsistent with the liberal termination provisions and the general thrust of the juvenile court law to hold that the referee, at the time of original disposition, could not dismiss the case if he felt that court supervision would be unnecessary and perhaps harmful." (*In re W. R. W.* (1971) 17 Cal.App.3d 1029, 1036-1037 [95 Cal.Rptr. 354]; fn. omitted.)

Shortly after the decision in *W. R. W.* was rendered, the Legislature drafted section 782, restoring to the juvenile law the clear power of the court to dismiss juvenile petitions in the interests of justice.

---

[1]Additionally, had the prosecution sought a further continuance to secure the attendance of the missing victim, the court could have granted such a continuance for a period of up to nine additional days, even over the objection of the petitioner. (Welf. & Inst., § 700.5.)

Therefore, the issue before this court is whether a dismissal with prejudice herein would have been a dismissal in the interests of justice. If so, Welfare and Institutions Code section 782 would authorize it, and a writ must issue, the effect of which would be to enable the court to enter the order it felt powerless to issue. If not, the writ must be discharged, since a correct order, for whatever reason, must be upheld. (*Davey* v. *Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117].)

Our research has disclosed no relevant decisions interpreting Welfare and Institutions Code section 782 in the context of whether a particular dismissal is or is not in the interests of justice. However, decisional authority abounds concerning whether a particular dismissal is "in furtherance of justice" under Penal Code section 1385, in adult criminal proceedings. We turn to those decisions for guidance in the instant matter. Although certain distinctions exist between the goals and purposes of the criminal justice system on the one hand and the juvenile justice system on the other, those distinctions are not material for purposes of the resolution of this issue. In connection with dismissal of adult criminal proceedings, the Supreme Court has determined that furtherance of justice requires consideration of both the rights of the accused and the interests of society represented by the People. (*People* v. *Orin* (1975) 13 Cal.3d 937, 945 [120 Cal.Rptr. 65, 533 P.2d 193].) Similarly, the overall purpose of the Juvenile Court Law is, in part: "[T]o secure for each minor under the jurisdiction of the juvenile court such care and guidance, preferably in his own home, as will serve the spiritual, emotional, mental, and physical welfare of the minor and the best interests of the state; to protect the public from criminal conduct by minors; to impose on the minor a sense of responsibility for his own acts; . . . [¶] The purpose of this chapter also includes the protection of the public from the consequences of criminal activity, and to such purpose probation officers, peace officers, and juvenile courts shall take into account such protection of the public in their determinations under this chapter." (Welf. & Inst., § 202.)

Thus, the juvenile court is not only authorized, but obligated, in carrying out its duties under the Juvenile Court Law, to weigh and consider both the interests of the juvenile and the interests of society. The clear parallel with those joint obligations in criminal court proceedings persuades us that a dismissal which is not "in furtherance of justice" in an adult criminal proceeding is unlikely to be "in the interests of justice" in juvenile court. We therefore proceed to examine the state of the law in adult proceedings.

Several decisions have addressed the dismissal of criminal proceedings where the prosecution was not ready to proceed on the date of trial. In many of

those cases, as in the instant case, an additional 10-day period within which to bring the case to trial existed, by statute.[2] In each of those cases, the appellate court has rejected the argument that a defendant's speedy trial rights were violated and has concluded that dismissal was therefore neither required nor authorized.

With respect to the alternative argument that the dismissal was valid under Penal Code section 1385, the following discussion from *People* v. *Hernandez* (1979) 97 Cal.App.3d 451, 455 [158 Cal.Rptr. 742], is typical: "Respondents argue that in the alternative the dismissal may be upheld under Penal Code section 1385 which authorizes the court on its own motion to dismiss 'in furtherance of justice.' However, the Legislature has specifically determined in section 1382 that 10 days is a reasonable time in which to bring to trial a defendant who has consented to a postponement beyond the original 60-day period. A dismissal within the 10-day period would be contrary to legislative policy and thus not in furtherance of justice. [Citations.]" (Fn. omitted.)

Under extremely similar facts, the Court of Appeal in *People* v. *Kessel* (1976) 61 Cal.App.3d 322, 325-326 [132 Cal.Rptr. 126], held: "The trial court's discretion to dismiss in the 'furtherance of justice' is very broad, although subject to the requirement that reasons for the dismissal be such as would motivate a reasonable person. [Citations.] But a dismissal under Penal Code section 1385 would also be an abuse of discretion, since there was no showing of detriment to respondent. [Citation.] The People's right to be heard cannot be frustrated to accommodate judicial convenience or because of court congestion. A dismissal under section 1385 for such a reason is an abuse of discretion. [Citations.]" (To the same effect see *People* v. *Rubaum* (1980) 110 Cal.App.3d 930, 933-935 [168 Cal.Rptr. 291]; *People* v. *Arnold* (1980) 105 Cal.App.3d 456, 458-460 [164 Cal.Rptr. 367]; and *People* v. *Flores* (1978) 90 Cal.App.3d Supp. 1, 9 [152 Cal.Rptr. 896].)

As we have previously concluded, there was no violation of the petitioner's right to a speedy trial in this case. The Legislature having determined that such a trial is not unreasonably delayed, a dismissal for that reason is not in the best interests of justice.

---

[2]Penal Code section 1382 requires that the prosecution bring the defendant to trial, if he has consented to a postponement beyond the statutory period, on the date to which he has consented to a continuance, or within 10 days thereafter. Welfare and Institutions Code section 700.5 grants a similar 10-day period to the prosecution in juvenile matters, under the same circumstances.

The trial judge, of course, did not wish to dismiss this petition for a speedy trial violation. Rather, he wanted to impose the dismissal as a sanction against the prosecution. There is authority for the use of the dismissal power as a punishment imposed on the prosecution. However, that sanction is not appropriate, and lesser sanctions must be utilized by the trial court, unless the effect of the prosecution's conduct is such that it deprives the defendant of the right to a fair trial. (*People* v. *Hitch* (1974) 12 Cal.3d 641 [117 Cal.Rptr. 9, 527 P.2d 361].) Thus, even in instances where the prosecutorial misconduct was wilful and apparently motivated by bad faith, dismissals have not been upheld. For example, in *People* v. *Davis* (1971) 20 Cal.App.3d 890 [98 Cal.Rptr. 71], a father was prosecuted for statutory rape committed against his daughters. After the court had ordered the complaining witnesses to submit to a psychiatric examination, the prosecutor wrote to them. The letter, which was sent without the authority or knowledge of the court or defense counsel, informed the witnesses that they were not obligated to submit to the examination. The prosecutor provided them with several reasons that they should not do so, including the fact that the doctor was "defense oriented" and that he would use whatever they said against them and in favor of their father in court. When the existence of the letter was revealed to the trial court, the proceedings were dismissed. That dismissal was reversed, the court explaining: "There remains the need to determine the propriety of the action of that court dismissing the information pursuant to Penal Code section 1385. While the trial court possesses discretion to dismiss a criminal case in the interest of justice, that discretion is not unbridled and must be exercised in light of the reason for its exercise. [Citation.] We conclude that the record before us does not support the exercise of trial court discretion in a manner dismissing the information. The trial court held no hearing on the result of the prosecution's conduct upon respondent's ability to obtain an effective psychiatric examination of the complaining witnesses after the prosecution's conduct was discovered. If that conduct did not prevent an effective examination, it was possibly censurable by the trial court but not a ground for dismissal. Thus, cases decided by our Supreme Court finding suppression of evidence have ordered a new trial and not dismissal. [Citations.]" (*People* v. *Davis, supra,* 20 Cal.App.3d at p. 898.)

In *People* v. *Mills* (1978) 87 Cal.App.3d 302, 309 [151 Cal.Rptr. 71], the court reversed a dismissal entered when the complaining witness refused to cooperate with a requested psychiatric examination. The *Mills* court held that her refusal justified a comment on that conduct, but the extreme sanction of dismissal was most inappropriate.

As the court explained in *People* v. *Swearingen* (1978) 84 Cal.App.3d 570, 574 [148 Cal.Rptr. 755]: "[T]he *Hitch* rule exists to guarantee a defendant a

fair trial through the preservation of evidence and not to punish police conduct."

In the instant case, the consequences of the prosecution's conduct were inconvenience and expense suffered by witnesses who were brought to court unnecessarily for a second day. No damaging consequences to the juvenile are evident at all. The fact that the prosecutor apparently misrepresented his readiness status to the court would not in any way result in the suppression of otherwise available evidence, nor interfere with the petitioner's right to a fair trial or his ability to present a full and fair defense. While some sanction for that conduct might have been appropriate, the ultimate sanction of dismissal was not.

As the Supreme Court explained in *People* v. *Orin, supra,* 13 Cal.3d at pages 946-947: "[A]ppellate courts have shown considerable opposition to the granting of dismissals under section 1385 in instances where the People are thereby prevented from prosecuting defendants for offenses of which there is probable cause to believe they are guilty as charged. Courts have recognized that society, represented by the People, has a legitimate interest in 'the fair prosecution of crimes properly alleged.' [Citation.] ' "[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion." [Citations.]' [Citation.]

"Permitting trial judges to make liberal use of section 1385 to avoid criminal prosecutions where probable cause exists to believe conviction is warranted would be contrary to the adversary nature of our criminal procedure as proscribed by the Legislature."

Juvenile proceedings are conducted not only for the protection of society, but for the protection and benefit of the youth involved. (*In re Dennis M.* (1969) 70 Cal.2d 444, 456 [75 Cal.Rptr. 1, 450 P.2d 296].) We do not believe that the juvenile here is either protected or benefitted by the issuance of a dismissal with prejudice in lieu of an adjudication hearing. If in fact the minor did not commit the charged offense, that fact will be established at the hearing. If, on the other hand, the evidence establishes that the petitioner did in fact commit the alleged theft, a finding to that effect by the trial court, followed by appropriate disposition, will serve the stated purpose of attempting to impose on the minor a sense of responsibility for his own acts. (Welf. & Inst. Code, § 202.) Therefore, a dismissal with prejudice of the instant proceedings would not have been in the interests of justice. The court properly determined that it was not authorized under the facts of this case to enter such a dismissal.

The alternative writ heretofore issued is discharged. The petition for writ of mandate is denied.

McClosky, J., and Amerian, J., concurred.

A petition for a rehearing was denied November 29, 1982, and petitioner's application petition for a hearing by the Supreme Court was denied December 30, 1982.