Opinion
POLLAK, J.
On May 11, 1989, respondent was arrested for willfully discharging a firearm in a grossly negligent manner, unlawfully carrying a loaded firearm in a public place, and willfully obstructing a police officer in the discharge of his duty. (Pen. Code, §§ 246.3, 12031, subd. (a), 148.)
Trial was set for December of 1989. On December 18, 1989, just before jury selection was to begin, the assistant district attorney told defense counsel that there were two previously undisclosed police reports regarding the incident. He gave defense counsel a report written by San Francisco Police Officer J. Hill. The report listed Clifford Williams, Robert Sankey, and David Nichols as “booked” and Milika Holmes, Lequita Gage, and Marian Dean as “admonished.”
The assistant district attorney also told defense counsel that Officer Mario Delgadillo had written a supplemental report on the incident that was lost and never found.
*Supp. 4 The late disclosure of the written report, and the nondisclosure of the lost report, violated the municipal court’s discovery order. Respondent requested an evidentiary hearing regarding the discovery violations, and moved to dismiss the charges, or, in the alternative, to impose appropriate discovery sanctions. At the hearing on the motion, respondent contended that he had been prejudiced by the discovery violations because witnesses listed in the police report were no longer available to testify; his counsel stated that he would have to file a sealed declaration to establish that the testimony of the missing witnesses was material.
After receiving some testimony, the trial court found that “. . . there was prejudice. . . . The only question in my mind is how much. . . . I am a bit concerned as to which remedy to impose. . . .” The court then asked defense counsel for an offer of proof, asking why the materiality issue had to be dealt with in camera. Defense counsel responded: “I can’t disclose what information or evidence I would present, but I think it would make clear the kind of vantage point these witnesses had and the possible vantage points the other missing witnesses may have [had] in this case.” Counsel also stated that he had to make such a showing in camera in order to keep respondent’s defense strategy secret and thereby protect his privilege against self-incrimination.
The trial court granted respondent’s request for an in camera hearing on the issue of the materiality of the testimony of the missing witnesses. At the in camera hearing, defense counsel made certain statements and presented his sealed declaration.
The trial court thereupon found that the missing witnesses would have testified to facts material to the issue of respondent’s guilt or innocence, and that respondent could not receive a fair trial without their testimony. The court found that the identities of the missing witnesses were not timely disclosed, and that their testimony was lost to the defense due to the prosecution’s failure to provide timely discovery. The trial court therefore dismissed the charges pursuant to Penal Code section 1385. The People appeal the dismissal.
Discussion
The admitted failure of the prosecution to comply with its discovery obligations placed both defense counsel and the court in a most difficult situation. When potential witnesses identified in police reports are not timely disclosed, and are not available when their identity ultimately becomes known, the extent to which the omissions has affected the ability to present a defense necessarily involves a degree of conjecture. The difficulty in *Supp. 5 analyzing these consequences is compounded by the need to respect the defendant’s right to avoid self-incrimination; the defendant must not be compelled to waive his constitutional protection in order to redress the prosecutor’s failure to comply with discovery orders.
While various forms of sanctions may well be appropriate to correct such a situation, the defendant must meet a heavy burden before dismissal is justified. Respondent had the burden of establishing “. . . prejudice on the failure to comply with a discovery Order.” (People v. Reyes (1974) 12 Cal.3d 486, 502 [116 Cal.Rptr. 217, 526 P.2d 225].) Dismissal is an appropriate sanction only when “. . . the effect of the prosecution’s conduct is such that it deprives the defendant of the right to a fair trial.” (Derek L. v. Superior Court (1982) 137 Cal.App.3d 228, 235 [186 Cal.Rptr. 870].)
The prosecution’s failure to timely disclose Officer Hill’s report, and its failure to produce Officer Delgadillo’s supplemental report, put upon respondent the burden of establishing prejudice from the absence of the potential witnesses. Respondent’s dilemma was similar to the dilemma faced by a criminal defendant seeking to compel the prosecution to disclose the identity of a confidential informant. In such a case the defendant must show that there is a “. . . reasonable possibility that the informant could offer evidence on the issue of guilt which might result in defendants’ exoneration.” (People v. Fried (1989) 214 Cal.App.3d 1309, 1314 [263 Cal.Rptr. 237].) Here respondent had the burden of showing that there was a reasonable possibility that the missing witnesses would have offered evidence that might have exonerated respondent.
The trial judge recognized the inherent difficulties in making such a showing, and displayed considerable patience in fashioning a procedure to explore the correct issues without requiring respondent to waive his constitutional right against self-incrimination. There is ample authority for utilizing an in camera hearing under circumstances such as these. (See People v. Collins (1986) 42 Cal.3d 378, 394 [228 Cal.Rptr. 899, 722 P.2d 173] [“. . . to require such an offer of proof would infringe on the defendant’s privilege against self-incrimination under the California Constitution by compelling him to reveal his defense to the prosecution before trial. To eliminate that risk in cases such as this, the trial court should hear the offer of proof in camera and should seal the record of the hearing for the use of the appellate court.”]; Shleffar v. Superior Court (1986) 178 Cal.App.3d 937, 945 [223 Cal.Rptr. 907] [defendant’s privilege against self-incrimination is a basis for in camera hearing]; People v. Luna (1988) 204 Cal.App.726, 748 [250 Cal.Rptr. 878] [in camera hearing contemplated to allow a defendant to attack specificity of complaint without revealing defense strategy]; compare People v. Sahagun (1979) 89 Cal.App.3d 1, 25-26 [152 Cal.Rptr. 233] *Supp. 6 [denial of request for in camera hearing where defendant sought to protect his position in a pending civil suit].) While in camera hearings which exclude the assistant district attorney are to be avoided whenever possible (Collins, supra, at p. 394), the nature of the showing that respondent was required to make in order to remedy a problem of the prosecution’s own making justified the use of that procedure in this case. However, because the trial court ultimately reached a conclusion adverse to the prosecution based in part on evidence to which the district attorney could not respond, the reviewing court bears a special responsibility to scrutinize the record of the in camera proceeding with great care to ensure that the showing made supports the sanction imposed.
Despite the care with which the trial court judge conducted these proceedings, our review of the record fails to confirm that respondent made the necessary showing. In order to establish a reasonable possibility that in absence of the discovery violation the missing witnesses would have offered favorable evidence, the defense must show, first, that the witnesses would have been available if disclosed when they should have been and, second, that their testimony likely would have been helpful to the defense. The record, including the evidence presented at the in camera hearing does not contain substantial evidence to support either of these findings.
First, there was no evidence to show that any of the six potential witnesses might have been available to give favorable evidence for respondent if the prosecution had given him the police reports in a timely fashion. As for Williams and Sankey, defense counsel admitted that they could not have been percipient witnesses to the shooting. As for Gage, respondent presented evidence that she refused to cooperate because she had an outstanding bench warrant, but there was no showing as to when the warrant was issued or whether she would have cooperated at any time after the shooting incident. And as for Holmes, Dean, and Nichols, respondent did not even attempt to show that they would have been available for testimony had the district attorney made timely disclosure.
Even if respondent had established a reasonable possibility that one or more of the missing witnesses would have been available if the reports had been timely disclosed, he still would have had to establish, through competent evidence, that there was a reasonable possibility that one of those witnesses would have given testimony favorable to his defense. Respondent attempted to establish the materiality of the missing witnesses’ prospective testimony at the in camera hearing. While discussion of the content of these individuals’ likely testimony would compromise the confidentiality conferred by the in camera procedure, the deficiencies in this regard may be seen simply as a matter of form. At the hearing, respondents’ counsel *Supp. 7 presented only his own unsworn oral statements and a declaration executed by himself consisting entirely of heresay and largely conclusory statements. In People v. Sahagun, supra, 89 Cal.App.3d 1, 24, the Court of Appeal stated that “. . . in the absence of a stipulation, certainly without opposing counsel even being present, unsworn statements, even when made by counsel, do not constitute competent proof of facts that will support an order terminating a felony prosecution.”[1]
 An order dismissing a misdemeanor prosecution also must be based on competent evidence, not unsworn or conclusory statements. (Compare also People v. Collins, supra, 42 Cal.3d 378, 394.) Here, there was no competent evidence that any of the missing witnesses was in a position to have provided testimony favorable to the defense.
Thus, although we commend the procedure adopted by the trial court to ascertain the likely consequences of the prosecution’s failure to make timely discovery, the record fails to show a reasonable possibility that the delay deprived the defense of favorable testimony or a fair trial. Therefore, whatever other measures, such as a continuance and/or monetary sanctions, may have been warranted, dismissal was not.
It is therefore ordered that the order dismissing the complaint in municipal court No. 1164920 be reversed.
Kay, P. J., and Chiantelli, J., concurred.

The district attorney cites Sahagun, supra, at page 24, to support his contention that the holding of an in camera hearing was an improper procedure. As discussed above, this citation to Sahagun is a clear misinterpretation of its holding. In that case, the appellate court found that an in camera hearing was improper where the reason for conducting such a hearing was to protect the defendant’s position in a pending civil suit. {Ibid.) In the instant matter, respondent requested an in camera hearing to prevent revelation of his defense strategy, and to assert his privilege against self-incrimination in a criminal context. While Sahagun thus is inapplicable to the case at bar in most respects, that portion of the opinion which prohibits reliance upon unsworn declarations of at in camera hearing does apply.