[No. E008920. Fourth Dist., Div. Two. June 11, 1992.]

In re ALBERT M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Appellant, v.
ALBERT M., Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III-A.

**COUNSEL**

Grover C. Trask II, District Attorney, and Juliann Anderson, Deputy District Attorney, for Plaintiff and Appellant.

Phillip I. Bronson, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**TIMLIN, J.—**

I

**INTRODUCTION**

The People of the State of California (the People) appeal from a judgment entered following the dismissal, without prejudice, of a petition alleging that

Albert M., a juvenile, was a minor who came within the provisions of section 602 of the Welfare and Institutions Code.

## II

## FACTS

On January 22, 1990, a petition was filed pursuant to Welfare and Institutions Code section 602 alleging that Albert M. was a minor coming within the provisions of that section because, on or about December 14, 1989, the minor had wilfully and unlawfully carried a loaded firearm on his person and in a vehicle while in a public place and on a public street. The matter was set for hearing on February 21, 1990, and the minor's parents were mailed a copy of the notice of hearing on January 24, 1990.

On February 21, minor and his mother appeared in court. Minor waived the time for the jurisdiction hearing "+ 30 days," and denied the allegations of the petition. Trial was set for March 6, 1990.

On March 6, 1990, the hearing was continued to April 10, 1990; no reason for the continuance is reflected on the court's minutes.

On April 10, 1990, the hearing was continued to May 9, 1990; no reason for the continuance is reflected on the court's minutes. A witness then present was ordered to return for the May 9 trial, and an attorney was appointed to represent that witness.

On May 9, 1990, the hearing was continued to June 4, 1990, at the request of minor's attorney. The three witnesses present were ordered to return for trial.

On June 4, 1990, the hearing was continued to June 18, 1990. The court's minutes do not reflect the reason for the continuance. The minutes do show that an arrest warrant would be issued for subpoenaed witness Jason P. upon the filing of the subpoena and proof of its service and the giving of his physical description.

On June 18, 1990, the hearing was continued to July 12 and the minor was ordered detained in juvenile hall pending further order. The court's minutes do not show any reason for the continuance.

On July 12, 1990, the hearing was continued to July 23, and the court's minutes also reflect that the order of June 18 should be corrected to show

that the minor witness, Jason P., was to be detained in juvenile hall pending further order. The minutes do not state the reasons for the continuance.

On July 23, 1990, a pretrial was set for August 3, 1990, and an arrest warrant for minor (whether Albert M. or Jason P. is not clear) was issued and its execution stayed to August 3, 1990.

On August 3, 1990, the pretrial was reset for August 7, the arrest warrant for "minor" was further stayed until August 7, and the minor was ordered to bring proof to court that he was suffering from chicken pox.

On August 7, 1990, the contested jurisdiction hearing was continued to September 6, 1990, the arrest warrant was recalled, and minor was continued in the custody of his mother. No reasons for the continuance were stated in the court's minutes.

On September 6, 1990, the hearing was continued to September 27, 1990, and a witness was ordered to return on that date. The court's minutes do not show the reason for the continuance.

On September 27, 1990, the hearing was continued to October 23, 1990, at 1 p.m., at the request of defendant's attorney. The minor was continued in his mother's custody, an arrest warrant was issued for minor (though whether for Albert M. or Jason P. is not clear), and the minor was ordered to assist his attorney in serving witness Jason P. The court's minutes do not reflect the reason for the continuance.

With the exception of the minutes of May 9 and September 27, the court's minutes do not show which party, if any, requested a particular continuance. None of the minutes indicate that the minor objected to any of the continuances.

On October 23, 1990, the hearing was apparently continued until almost 5 p.m. on that date. The juvenile court noted that this fact would require that the hearing be continued to yet another date. The court indicated that it believed the People had a witness problem. The deputy district attorney stated that the People did not have a witness problem, and that the People's witness was available on call. The juvenile court asked counsel for both sides to step into chambers for a moment, and a conference was held in chambers and off the record.

Following this conference, the juvenile court instructed the minor that the charge against him was serious, and asked if the minor understood. The minor agreed. The court then stated:

"However, this occurred when you were seventeen. You are now eighteen. This matter has been called apparently innumerable times for one reason or another and it's never managed to get enough priority or enough witnesses to get the matter actually to trial.

"And, although I have only been sitting on juvenile court matters since sometime in March of 1990, I've never seen a case that has been continued this many times. And it seems to me you've probably been in court almost as many times as you would have spent—almost the amount of time you would have spent in juvenile hall if you would have been convicted of this thing in the first place.

"Based on these circumstances, the Court is going to dismiss this charge without prejudice.

"And I am going to encourage the District Attorney's Office not to file it again.

"I would mention to you if you get in trouble with this kind of situation in the future you are going to be treated as an adult. If you get an adult record, that will make it very difficult for you in a variety of ways as an adult. All right?

"THE MINOR: (Nods head up and down.)

"THE COURT: So at this time the Court is going to dismiss this charge without prejudice.

"MR. CURTIS [for the People]: Your Honor, just for the record, I would like to indicate that the dismissal is over the People's objection."

The court's minutes of October 23 state that the "entire petition of 1-22-90 is dismissed," and that the "charge is dismissed without prejudice, over the People's objection."

The People filed timely a notice of appeal pursuant to California Rules of Court, rule 39 and Penal Code section 1238, subdivisions (a)(1) and (a)(8).[1] The People contend that the order of dismissal must be reversed. They argue that because the defendant allegedly requested many of the continuances,

---

[1] All further references to code sections shall be to the Penal Code unless otherwise noted.
    Section 1238, subdivisions (a)(1) and (a)(8), provide: "(a) An appeal may be taken by the people from any of the following: [¶] (1) An order setting aside the indictment, information, or complaint. . . . [¶] (8) An order or judgment dismissing or otherwise terminating the

and because the juvenile court allegedly did not weigh the competing interests of society and the defendant, the dismissal was not in the furtherance of justice. Defendant contends that the appropriate standard is that of abuse of discretion and that there is no evidence that the trial court abused its discretion by dismissing the case.

## III

### DISCUSSION

*A. Matters Referred to by Both Parties Which Are Not Properly Part of the Record on Appeal Will Not Be Considered by This Court in Reaching Its Decision\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*B. The Juvenile Court Erred by Dismissing the Petition Without Making Any of the Findings Required by Welfare and Institutions Code Section 782 Before Its Exercise of Discretion to Dismiss*

■ Welfare and Institutions Code section 782 provides that a petition which initiates those proceedings covered by Welfare and Institutions Code section 650 may be dismissed if the court finds that the interests of justice *and* the welfare of the minor requires such dismissal, *or* if the minor is not in need of treatment or rehabilitation. The reasons orally given by the juvenile court and recorded in the reporter's transcript do not demonstrate that the court made any of such findings, expressly or impliedly, before it exercised its discretion to dismiss the petition. The court merely noted that the matter had been continued many times, and that the minor had spent as much time in court as he would have spent in juvenile hall if "convicted." This does not constitute a finding under Welfare and Institutions Code section 782.

The juvenile court here simply stated reasons for dismissing the petition. The passage of time before the beginning of the jurisdiction hearing involved numerous continuances to which minor did not object or which he requested. In the absence of either some factual showing of prejudice to the minor or some statutory scheme requiring dismissal for failure to bring the matter to hearing within a certain time, such time lapse does not support a section 782 finding. The other reason was inappropriate because it amounted to a prejudged disposition assuming the allegation against the minor was

---

action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy."

*See footnote, *ante*, page 353.

found true. Under the procedural circumstances of this case, these reasons would not support any of the section 782 findings, assuming the court had made such findings.

## IV

### DISPOSITION

The order of dismissal is reversed, and the matter remanded for further proceedings consistent with this opinion.

Hollenhorst, Acting P. J., and McKinster, J., concurred.

**TIMLIN, J.,** Concurring.—I write this separate concurring opinion because in my view there is a further basis for reversal.

I would hold that the juvenile court erred because it did not set forth the specific reasons for its dismissal of the petition in the minutes of the 5 p.m. October 23 proceedings at which the petition was dismissed.

Both parties assumed erroneously that Penal Code section 1385[1] is applicable to this case. Section 1385 provides, in relevant part:

"(a) The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

However, section 1385 is not the applicable statute in juvenile proceedings. Instead, Welfare and Institutions Code section 782 applies to dismissal of a petition filed to declare a minor a ward of the court pursuant to Welfare and Institutions Code section 602. Welfare and Institutions Code section 782 provides:

"A judge of the juvenile court in which a petition was filed, at any time before the minor reaches the age of 21 years, may dismiss the petition . . . if the court finds that the interests of justice and the welfare of the minor require such dismissal, or if it finds that the minor is not in need of treatment or rehabilitation. The court shall have jurisdiction to order such dismissal . . . regardless of whether the minor is, at the time of such order, a ward or dependent child of the court."

---

[1]All further references to code sections shall be to the Penal Code unless otherwise noted.

Although Welfare and Institutions Code section 782, unlike section 1385, does not specifically provide that the court in a juvenile proceeding must state its reasons for a dismissal in an order entered upon the juvenile court minutes, an analogous requirement is found in California Rules of Court, rule 1493 (rule 1493), which provides, in relevant part, that:

"(a)   At the *disposition* hearing, the court may:

"(1)   Dismiss the petition in the interests of justice and the welfare of the child, or if the child does not need treatment or rehabilitation, *with the specific reasons stated in the minutes*; . . ." (Italics added.)

I recognize that rule 1493 refers specifically to a dismissal at the disposition hearing, not at a jurisdiction hearing, which was the proceeding at which the juvenile court dismissed the petition here. But an analysis of the public policy behind requiring a statement of reasons on the juvenile court minutes, as discussed below, persuades me that we should adopt a judicially created requirement that the specific reasons for such a dismissal be stated in the juvenile court minutes of any proceeding at which such dismissal is ordered, irrespective of the nature of the proceeding.[2]

My research has disclosed no relevant decisions interpreting rule 1493 and Welfare and Institutions Code section 782 in the context of whether the failure to specify the reasons for the dismissal in the juvenile court minutes requires reversal of the order of dismissal. However, decisional authority exists concerning the effect of the similar requirement in section 1385 for adult criminal proceedings. I turn to those decisions for guidance in the instant matter, for the same reasons that the court in *Derek L.* v. *Superior Court* (1982) 137 Cal.App.3d 228 [186 Cal.Rptr. 870] found such authority persuasive in interpreting Welfare and Institutions Code section 782 in light of case law based on section 1385. It alluded to the following factors: (1) the furtherance of justice in both the criminal justice system and the juvenile justice system requires consideration of *both* the rights of the accused and the interests of society, as represented by the People (137 Cal.App.3d at p. 233), and (2) in both the juvenile justice system and the criminal justice system, the trial court has broad discretion to dismiss a matter "in the

---

[2]"We should not be misled by the cliche that policy is a matter for the legislature and not for the courts. There is always an area not covered by legislation in which the courts must revise old rules or formulate new ones, and in that process policy is often an appropriate and even a basic consideration." (Traynor, *Some Open Questions on the Work of State Appellate Courts* (1957) 24 U.Chi.L.Rev. 211, 219.)

furtherance of justice," but such discretion must be based on weighing the interests of the accused against the interests of society. (*Id.* at pp. 233-234.)[3]

In cases involving the application of section 1385, it repeatedly has been held that although the trial court made an oral statement as to the reasons it chose to dismiss the criminal charges, and although that oral statement of reasons was recorded in the reporter's transcript, such recorded oral statement was not sufficient to satisfy the requirements of section 1385. (*People v. Orin* (1975) 13 Cal.3d 937, 943-944 [120 Cal.Rptr. 655, 533 P.2d 193]; *People v. Ferguson* (1990) 218 Cal.App.3d 1173, 1179 [267 Cal.Rptr. 528]; *People v. Superior Court (Flores)* (1989) 214 Cal.App.3d 127, 135-136 [262 Cal.Rptr. 576].) The public policy for requiring strict compliance with this provision is " ' "so that all may know why this great power was exercised" ' " (*People v. Orin, supra,* 13 Cal.3d at p. 944, quoting *People v. Beasley, supra,* 5 Cal.3d 617, 637; *People v. Harris* (1991) 227 Cal.App.3d 1223, 1228-1229 [278 Cal.Rptr. 391]), which in turn serves to protect the public interest against improper dismissals. (*People v. Orin, supra,* 13 Cal.3d at p. 944; *People v. Harris, supra,* 227 Cal.App.3d 1223, 1228-1229.) Further, as commented in *People v. Borousk* (1972) 24 Cal.App.3d 147, 156, at footnote 11 [100 Cal.Rptr. 867]: "The purpose for recording the reasons is said to be . . . that there be a 'purposeful restraint, lest magistral discretion sweep away the government of laws' [citation]; or put another way, 'to restrain judicial discretion and curb arbitrary action for undisclosed reasons and motives' [citation]."

I believe the above rationale properly applies with equal force to juvenile justice matters involving the dismissal of proceedings commenced in the manner provided in Welfare and Institutions Code section 650.[4]

Although rule 1493 refers only to dismissals at disposition hearings, the controlling statute, Welfare and Institutions Code section 782, provides that dismissals in the interests of justice and the welfare of the minor may be made at any time, even when the minor, at the time of the order of dismissal, is not a ward of the court. I see no policy reason behind requiring specification of the reasons for dismissal in the court minutes only at disposition hearings but not at other juvenile justice proceedings. One might argue that

---

[3]In addition, the specification of reasons also enables the appellate court to determine whether, in view of the stated reasons, a proper exercise of discretion is shown. (*People v. Beasley* (1970) 5 Cal.App.3d 617, 637 [85 Cal.Rptr. 501].) Requiring a statement of reasons to be included in the minute order makes it clear what factors the lower court weighed against each other.

[4]Although juvenile court proceedings are confidential they are not secret, and the press and public have an interest in how such cases are handled. (See, e.g., Welf. & Inst. Code, § 676; 10 Witkin, Summary of Cal. Law (9th ed. 1989) §§ 544-546, pp. 612-617.)

the fact that rule 1493 specifically refers to disposition hearings mandates the application of the principle of *expressio unius est exclusio alterius*, to indicate an intent by the Judicial Council, in the exercise of its power to adopt rules of court, to exclude all other types of hearings from the requirement of a specific statement of reasons in the minute order. Such principle, however, is inapplicable when there is no manifest reason why a statement of reasons in an order of dismissal under Welfare and Institutions Code section 782 not be required in the juvenile court minutes of any type of proceeding (*Estate of Banerjee* (1978) 21 Cal.3d 527, 538-539, 539, fn. 10 [147 Cal.Rptr. 157, 580 P.2d 657]), especially when application of the above noted statutory interpretation rule would invade public policy. (See 2A Sutherland, Statutory Construction (5th ed., 1992 rev.) § 47.25, fn. 8.) Such is the situation here.

My colleagues understandably hesitate to judicially establish such a rule, but, in my opinion, public policy would support such an action. It makes no sense to me to require a statement of reasons for dismissal at a disposition hearing, but not for dismissals made at other hearings. I respectfully suggest the Judicial Council consider this apparent anomaly between Welfare and Institutions Code section 782 and rule 1493, and act to remedy it.