Filed 11/3/20  In re Victoria C. CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re VICTORIA C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>VICTORIA C.,<br><br>        Defendant and Appellant. | A158327<br><br>(Contra Costa County Super. Ct. No. J14-01050) |

Victoria C. appeals from a juvenile court order denying her motion to dismiss two sustained petitions pursuant to Welfare and Institutions Code section 782.[1]  The court reasonably exercised its discretion, so we affirm.

**BACKGROUND**

**October 2014 Petition**

On October 1, 2014, the Contra Costa County District Attorney filed a juvenile wardship petition alleging 16-year-old Victoria committed battery causing serious bodily injury.

---

[1] Unless otherwise specified, further statutory citations are to the Welfare and Institutions Code.

The following facts are from the Antioch Police Department's declaration of probable cause. "On 9/24/14, [an officer] observed [Victoria] and the victim punching at each other on the east sidewalk of Deer Valley Rd. They were told several times to stop fighting. [Victoria] was holding onto the victim's shirt and refused to let her go. [¶] The officers had to pull them apart to separate them. The victim was bit in the left areola by [Victoria]. The victim sustained severe injury to the area. The skin was broken and she was bleeding from the puncture wounds. The victim had to be transported to a local hospital by AMR for her injuries."

On October 15, Victoria pleaded no contest to an amended petition alleging a misdemeanor battery. The court declared her a ward of the court and placed her on probation in her mother's custody.

**December 2014 Petition**

On December 29, 2014, the Contra Costa County District Attorney filed a supplemental wardship petition alleging Victoria committed assault with a deadly weapon and criminal threats.

According to the probation department's disposition report and recommendation, "On December 26, 2015, the minor was arrested by the Antioch Police Department . . . after the minor and mother reportedly engaged in a physical confrontation. The minor[']s mother, [C.S.], reported that she and her daughter were involved in an argument and then her daughter 'swung on her' while she was holding her baby. [C.S.] set her baby down and she and her daughter engaged in a physical fight. [C.S.] stated that her daughter hit her several times and pulled her hair. A family member then intervened and [C.S.] was able to get away from Victoria. [C.S.] reported that Victoria then went to the kitchen and retrieved two kitchen knives and held them in her hands while threatening to kill her. [C.S.]

2

reported that Victoria stated, 'I'll kill you.' The minor's aunt, [C.P.], was able to get Victoria to put the knives down and go outside. [C.P.] was able to restrain the minor outside until the police arrived and she was taken into custody."

Victoria admitted the criminal threats offense and the assault count was dismissed. The court continued Victoria as a ward of the court, committed her to a county institution for a period not to exceed 3 years and 65 days or until age 21, and placed her in the Girls In Motion program (GIM) at juvenile hall. On July 22, 2015, Victoria was released to complete GIM in her mother's custody.

Victoria admitted to committing several probation violations between September 2015 and August 2016. Her probation violations included truancy from high school, failing to report to probation, leaving home without permission, violating her electronic home monitoring program rules, and becoming verbally aggressive and threatening staff at her placement program. On October 14, 2015, the juvenile court placed Victoria in extended foster care after her mother decided she could no longer live at home due to "continuous disrespect."

On November 21, 2016, following placements at two different group homes, Victoria moved into her own apartment in a transitional living facility.

On December 12, 2017, the juvenile court declared Victoria a nonminor dependent of the court. The court found her "rehabilitative goals as stated in the case plan have been met" and delinquency jurisdiction was no longer required. Victoria's wardship was vacated and probation was terminated successfully. The court ordered her petitions dismissed and records sealed

pursuant to sections 786 and 787.[2]  Victoria remained within the juvenile court's transition jurisdiction pursuant to section 450.

On August 22, 2019, Victoria moved to dismiss the October and December 2014 petitions and set aside the underlying factual findings pursuant to section 782, arguing she was no longer in need of treatment or rehabilitation and her welfare and the interests of justice required dismissal. She also moved under section 781 to seal the records of two 2012 arrests.

Victoria was almost 21 years old, had been terminated successfully from probation, and had not been convicted of any crime since her 2014 offenses.  She had held several entry-level security guard positions, but she was foreclosed from obtaining a higher-paying position as an armed guard

---

[2] Under section 786, "If a person who has been alleged or found to be a ward of the juvenile court satisfactorily completes (1) an informal program of supervision pursuant to Section 654.2, (2) probation under Section 725, or (3) a term of probation for any offense, the court shall order the petition dismissed.  The court shall order sealed all records pertaining to the dismissed petition in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice."  (§ 786, subd. (a).)

Pursuant to section 787, "[n]otwithstanding any other law, a record sealed pursuant to [section 786] may be accessed by a law enforcement agency, probation department, court, the Department of Justice, or other state or local agency that has custody of the sealed record for the limited purpose of complying with data collection or data reporting requirements that are imposed by other provisions of law.  However, no personally identifying information from a sealed record accessed under this subdivision may be released, disseminated, or published by or through an agency, department, court, or individual that as accessed or obtained information from the sealed record."  (§ 787, subd. (a).)

because, pursuant to Penal Code section 29820,[3] her 2014 adjudications made her ineligible for a firearm permit until she reached the age of 30.

Victoria turned 21 in August 2019. On August 30, the juvenile court heard argument on her motions to seal her juvenile record and dismiss the petitions. Victoria told the court she was about to start a new job at the Tesla factory, and eligibility for a firearms permit would allow her to earn substantially more than she could as an unarmed security guard. She had been rehabilitated, had no convictions in the two years since probation was successfully terminated, and, as a single mother, the greater earning ability would help her provide for her son.

The district attorney and probation department did not object to sealing Victoria's 2012 arrest records, but they opposed dismissal of the sustained petitions "considering the minor sustained offenses that do involve violence and threats." The court granted Victoria's motion to seal, denied her

---

[3] Penal Code section 29820 provides: "(a) This section applies to any person who satisfies both of the following requirements: [¶] (1) The person is alleged to have committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code, an offense described in subdivision (b) of Section 1203.073, any offense enumerated in Section 29805, or any offense described in Section 25850, subdivision (a) of Section 25400, or subdivision (a) of Section 26100. [¶] (2) The person is subsequently adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code, an offense described in subdivision (b) of Section 1203.073, any offense enumerated in Section 29805, or any offense described in Section 25850, subdivision (a) of Section 25400, or subdivision (a) of Section 26100. [¶] (b) Any person described in subdivision (a) shall not own, or have in possession or under custody or control, any firearm until the age of 30 years.

motion to dismiss the sustained petitions without prejudice on the ground the request was premature, and set a hearing to revisit the question in a year.

Victoria filed this timely appeal.

## DISCUSSION

Section 782 authorizes the court to dismiss a juvenile petition upon finding that "the interests of justice and the welfare of the person who is the subject of the petition require that dismissal, or if it finds that he or she is not in need of treatment or rehabilitation." Dismissal under section 782 operates as a matter of law to erase the prior juvenile adjudication as if the minor " 'had never suffered [the adjudication] in the initial instance.' " (*People v. Haro* (2013) 221 Cal.App.4th 718, 720.)

In deciding whether to dismiss under section 782, "the court must take into account all circumstances relevant to the public's need for safety and the juvenile's need for rehabilitation." (*In re Greg F.* (2012) 55 Cal.4th 393, 418.) The juvenile court "is not only authorized, but obligated, in carrying out its duties under the Juvenile Court Law, to weigh and consider both the interests of the juvenile and the interests of society." (*Derek L. v. Superior Court* (1982) 137 Cal.App.3d 228, 233.)

We review the court's decision under section 782 for an abuse of discretion. (*In re Greg F., supra*, 55 Cal.4th at p. 413.) "An abuse of discretion occurs when the juvenile court has exceeded the bounds of reason by making an arbitrary, capricious or patently absurd determination." (*In re Marcelo B.* (2012) 209 Cal.App.4th 635, 642.)

The court here did not abuse its discretion. True, Victoria has demonstrated commendable progress since her probation terminated and is working to improve her employment prospects and provide for her child. But both offenses were violent, and one of them involved threatening the victim

6

with knives.  Her stated aim for dismissal was to obtain a license to carry a firearm.  In this context, the trial court could reasonably have concerns about the implications for public safety.  It was not arbitrary, capricious or patently absurd to decide that, until Victoria had more time to gain in maturity, the public's welfare weighed more heavily in the balance than her interest in having her petitions dismissed.

Victoria argues the denial of her motion to dismiss the petitions was nonetheless an abuse of discretion because the court necessarily found she was rehabilitated when it granted her section 781 motion to seal the records of her 2012 arrests.  Not so.  Unlike section 781, section 782 requires the court to consider both the minor's rehabilitation *and* the public's need for safety.  (*In re Greg F., supra*, 55 Cal.4th at p. 418.)  The court could thus reasonably conclude both that Victoria is no longer in need of rehabilitation but the interests of society warrant deferring her request to dismiss her juvenile petitions for another year.

## DISPOSITION

The order of the juvenile court is affirmed.

SIGGINS, P. J.

WE CONCUR:


FUJISAKI, J.


JACKSON, J.


A158327
*In re Victoria C.*

8