[Civ. No. 4067. First Appellate District, Division One.—June 5, 1922.]

PETER P. CALLAGHAN, Respondent, v. GEORGE L. OLSEN et al., Defendants; A. DAVIDSON, Appellant.

[1] LANDLORD AND TENANT—ACCEPTANCE OF LESS THAN STIPULATED RENTAL—SURETY NOT RELEASED.—An agreement by a surety to pay the last installments of rental accruing under a lease, in case of failure on the part of the lessee to do so, is not affected by the acceptance by the lessor of less than the stipulated sums as rental for previous months.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Herbert Choynski and James Raleigh Kelly for Appellant.

Stanislaus A. Riley for Respondent.

PREWETT, J., *pro tem.*—Action on a guaranty. The respondent leased to defendant Olsen certain real property for a period of twelve months at an agreed monthly rental of four hundred dollars.

At the same time, and as a part of the same transaction, the appellant executed to the respondent a certain written guaranty, wherein he did "covenant, promise and agree to and with the party of the second part (the respondent) that the said George L. Olsen shall well and truly pay the rents reserved for the last three months, to wit: for the three months commencing December 1st 1915 and ending February 29th 1916, to perform and execute all covenants therein contained on his part and that in his failure to do so in any particular, we will forthwith pay . . . the said rents that may be or become due under said lease for the last three months thereof, to wit: for the months commencing December 1st 1915 and ending February 29th 1916, and all damages that may happen or accrue by reason of such failure not exceeding the aggregate sum of $1,200."

The defendant Olsen failed to pay the rent for the last three months of the term and the respondent thereupon brought this action against both parties to recover the same. The trial court rendered judgment as prayed for and the appellant appeals upon the judgment-roll alone. This eliminates all points save the sufficiency of the findings to support the judgment.

The appellant directs our attention to the following finding made by the trial court:

"That for several months during the tenancy of said defendant Olsen, said defendant paid to the agent of the plaintiff and the said agent received and accepted in payment of the rent for said months a sum less than the stipulated rate of rental under said lease; that none of said months is embraced within the period from December 1st 1915 to and including February 29th 1916, (being the period for which the rental herein sued for accrued and became due). That there is no evidence showing that the plaintiff had actual knowledge of the payment and acceptance of said reduced sums. That there was no written agreement between defendant Olsen and plaintiff either in person or by agent for any reduction of said rent or for

the modification of any term of said lease; that there was not at any time any written authorization from plaintiff to reduce said rent or to modify any term of said lease.''

It is insisted that the acceptance by the respondent of a smaller sum than the agreed rate of rental was an alteration of the principal obligation in a material respect and that the effect thereof was to release the guarantor. No fault can be found with the soundness of the rule upon which this contention is based (Civ. Code, sec. 2819), but it has no application to the present case. The appellant does not question the rule that future rentals are not reduced by the acceptance of less than the stipulated sums for a portion of the leased term. In fact, the question is scarcely open for discussion, in view of the many California authorities bearing upon it. In *Sinnige* v. *Oswald,* 170 Cal. 55 [148 Pac. 203], for a period of nine months the landlord accepted less sums than the stipulated rental and receipted in full for the said months. The surety in that case, as here, raised the point that these payments of less sums and their acceptance by the landlord operated, by changing the terms of the lease, to release the surety. The supreme court, in commenting upon this claim, uses the following language: ''They are not sufficient to establish a change in the written contract so as to affect the amount of future installments of rent where no such change of terms was made in writing.''

From *James Eva Estate* v. *Mecca Co.,* 40 Cal. App. 515 [181 Pac. 415], we quote: ''The final contention of appellant is that the guarantor was discharged from liability for the reason that the principal obligation of the lessee was changed and altered in a material respect without the consent of the guarantor. The change in the principal obligation relied upon is the fact that the lessor made a rebate for certain months from the amount of rent specified in the lease, etc.''

To this claim the court replied in effect that concessions of the kind in question are not sufficient to establish a change in the written contract so as to affect the amount of future installments of rent. From a number of cases affirming the same doctrine, we will notice but one other. In *Dodge* v. *Chapman,* 42 Cal. App. 614 [183 Pac. 966], the court gives a very extended and valuable analysis of

the point. In one place it says: "The agreement then to receive for a limited time a reduced monthly rental was not in writing and was supported by no consideration. As an agreement in modification of the lease, it therefore was without effect. . . . Conceding that the obligation to pay the stipulated monthly rental was satisfied by these payments, yet the contract was not altered any more than it would have been if the full amount had been paid. It was no concern of the sureties how these payments were made. The landlord could have taken his pay in 'chips and whetstones' if he saw fit."

[1] While the appellant could scarcely question and perhaps does not question the force of these authorities, he insists that an agreement by a surety to pay the last installments of a term is affected by the acceptance of less than the stipulated sums. He argues that the landlord thereby waives certain remedies in unlawful detainer to which he might have resorted. But at most, he no more waives them than he does when he accepts payment at the full stipulated figure. In either case the transaction as to the past month is closed and with it every remedy to which he might have resorted. Indeed, it is difficult to discover how the landlord waived anything, save the concession which he made in accepting a less sum than the agreed amount. We have seen that such a concession does not operate to release either the principal or surety.

The only remaining point urged by appellant is the alleged failure of the court to find whether or not there was an agreement between respondent and defendant Olsen for a modification of the terms of the lease. Counsel, however, have overlooked finding 21, wherein the court expressly finds that no such alteration was ever made.

We find no error in the record, and the judgment is, accordingly, affirmed.

Tyler, P. J., and Richards, J., concurred.