[Civ. No. 17516.   Second Dist., Div. Three.   Sept. 26, 1950.]

AARON ROSENKRANZ et al., Respondents, v. O. H. PELLIN, Appellant.

David A. Matlin for Appellant.

Kenneth C. Beatson for Respondents.

VALLÉE, J.—Appeal by defendant O. H. Pellin from a judgment for plaintiffs in an action of unlawful detainer.

On February 28, 1947, the Bicks and Lassars were the owners of three parcels of real property in Los Angeles. The property was unimproved except for a two-story house on one of the lots. On that date they executed a written lease of the property to Rosner for three years. The lease contained a provision by which the lessors reserved the right to cancel the lease at any time during its term, "If all or any portion of this property is sold or if a major building is to be erected on any portion of said property, the Lessors may, on giving the Lessee sixty (60) days notice in writing cancel this lease, and the Lessee will vacate said premises within sixty (60) ———————— from date of such notice and release the Lessors from all obligation under the terms of this lease." Rosner took possession.

On September 17, 1947, the lessee, with the approval of the lessors, assigned his interest in the lease to appellant Pellin, who, in writing, assumed the lease and agreed to be bound by its terms.

On October 21, 1948, Pellin sublet the property to Von Benzonheim. Prior to subletting, Pellin had purchased the two-story house on the property. After the subletting, he continued to own and maintain the building on the property.

On January 26, 1949, plaintiffs purchased the real property but not the building. On that date the original lessors and plaintiffs gave notice in writing to Pellin cancelling the lease as of March 31, 1949, and demanded possession on that date. Pellin did not remove the building from the property and Von Benzonheim did not vacate the premises, hence this action.

The court found that during April, 1949, Von Benzonheim was in possession, and that Pellin was in possession as assignee of the lease and, in addition, as the owner of the building maintained by him on the property, and that the reasonable

rental value of the property was $500 a month. Judgment was for possession of the property, $500 damages, and $150 attorney's fees.

Appellant claims that: (1) there is no competent evidence to support the finding that Pellin was in possession during the month of April, 1949; (2) there is no competent evidence to support the finding that the reasonable rental value of the property was $500 a month; (3) there was no privity of contract between plaintiffs and Pellin warranting the award of attorney's fees; (4) the superior court had no jurisdiction of the subject of the action.

Code of Civil Procedure, section 1161, in pertinent part, provides that a tenant of real property, for a term less than life, is guilty of unlawful detainer "[w]hen he continues in possession, in person or by subtenant, of the property, or any part thereof, after the expiration of the term for which it is let to him, without the permission of his landlord, or the successor in estate of his landlord, if any there be." [1] The possession of the subtenant, insofar as the landlord is concerned, is that of the tenant. (15 Cal.Jur. 766, § 18.) [2] Von Benzonheim testified he was in possession of the premises from January, 1949, to the day of trial, April 29, 1949. We understand appellant to concede that the building remained on the property during April. The evidence is sufficient to support the finding that Pellin was in possession during the month of April, 1949.

Plaintiff Aaron Rosenkranz, owner of the property, testified that its reasonable rental value was $500 a month. This evidence is sufficient to support the finding as to the rental value of the property. (5 Cal.Jur. 10-Yr.Supp. [1944 Rev.] 713, § 278, and cases there cited.)

The original lessee assigned the lease to Pellin. Pellin agreed in writing with plaintiffs' predecessors in interest, Bicks and Lassars, to be bound by and comply with all the terms, covenants and agreements in the lease. Respondents purchased the property January 26, 1949. On that date the grantors and grantees served written notices upon Pellin and Von Benzonheim cancelling the lease *as of March 31, 1949.*

The general rule is that a sale by a lessor of real property during an unexpired term does not of itself abrogate the lease. Its effect is to grant all the rights of the original lessor to the grantee of the reversion. The grantee then becomes the landlord by operation of law and the tenant becomes a tenant of the grantee of the reversion. (*Upton* v. *Toth,* 36

Cal.App.2d 679, 684 [98 P.2d 515].) Civil Code, section 821, says that a person to whom any real property is transferred, upon which rent has been reserved, is entitled to the same remedies for recovery of rent and for nonperformance of any of the terms of the lease, as his grantor might have had. A lessee is under a duty to his lessor to perform the covenants of the lease. An assignee who assumes a lease binds himself to perform these covenants. (*Hartman Ranch Co.* v. *Associated Oil Co.*, 10 Cal.2d 232, 245 [73 P.2d 1163].) Pellin was bound to plaintiffs by the covenants of the lease which provided that the lessee would vacate the premises within 60 days from date of notice in the event the lessors exercised their option to cancel the lease. He was also bound to respondent by the covenant of the lease by which the lessee agreed to pay the lessors a reasonable attorney's fee in the event an action was filed to compel the performance of the terms and conditions of the lease or to terminate it.

Code of Civil Procedure, section 89, subdivision (d), provides that the municipal court shall have original jurisdiction in all proceedings in unlawful detainer "where the rental value is three hundred dollars ($300) or less per month, and where the whole amount of damages claimed is three thousand dollars ($3000) or less." In 1949 the respective amounts were increased from $200 to $300 per month, and from $2,000 to $3,000. (Stats. 1949, ch. 1519, § 1.) The amount sued for is the test of jurisdiction. (*Harris* v. *Seidell*, 1 Cal.App.2d 410, 416 [36 P.2d 1104].) In the present case the complaint alleged that the reasonable rental value of the property is $500 a month, and prayed damages for the rent and that the damages be trebled. It was expressly held in *Cook* v. *Winklepleck*, 16 Cal.App.2d Supp. 759, 763 [59 P.2d 463], that an action of unlawful detainer involving property having a rental value of "more than $200" a month is within the jurisdiction of the superior court.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied October 11, 1950, and appellant's petition for a hearing by the Supreme Court was denied November 20, 1950.