## Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 14333. Feb. 7. 1979.]

LILLIAN SINGER et al., Plaintiffs and Appellants, v.
BARBARA L. HUNSINGER, Defendant and Respondent.

**COUNSEL**

Gerald M. Singer, in pro. per., for Plaintiffs and Appellants.

Selig Moss for Defendant and Respondent.

## OPINION

**DOWDS, J.**—Plaintiffs' complaint in unlawful detainer in the municipal court sought to recover possession of a store building leased to defendant for $750 per month, alleging defendant remained in possession after expiration of the term of the lease. It also included a prayer for damages at the rate of $27 for each day defendant remained in possession after the expiration of the lease. Apparently realizing that the open-ended nature of their prayer for damages would cause their demand to be beyond the $5,000 monetary limit of the jurisdiction of the municipal court, plaintiffs appended to their complaint a statement that "Plaintiffs hereby remit all damages in excess of the statutory jurisdictional limits of this Court, which is $5,000.00."

Defendant having answered the complaint, the matter was set for trial. On the date set for trial the plaintiffs failed to appear and the trial court dismissed the action pursuant to Code of Civil Procedure section 581, subdivision 3,[1] and allowed costs including attorney's fees to the defendant. Approximately one month after the dismissal, plaintiffs served and filed notice of two motions, one to set aside the default of plaintiffs and the judgment (of dismissal) pursuant to section 473, and the other to transfer the action to the superior court under section 396. The latter motion was based on the ground that the municipal court lacked subject matter jurisdiction and was supported by a declaration that the complaint seeks relief based on a monthly rental in excess of $600 per month and is susceptible of a total judgment award in excess of $5,000. The motion to set aside the default was supported by a declaration from one of the plaintiffs, an attorney at law, to the effect that he had belatedly realized the action was not within the jurisdiction of the municipal court and that he had attempted to have the trial taken off calendar so that a motion to transfer might be made. The trial court denied the motion to set aside the default and the judgment of dismissal and apparently took no action with respect to the other motion. Plaintiffs appealed.

We reverse on the ground that the municipal court lacked subject matter jurisdiction to dismiss the action and to award costs including attorney's fees to defendant. Under section 396 the proper action would have been to transfer the action to the superior court.

Under section 86, subdivision (a)(4) the municipal court has jurisdiction in "all proceedings in forcible entry or forcible or unlawful detainer

---

[1]All further section references are to the Code of Civil Procedure.

where the rental value is six hundred dollars ($600) or less per month *and* the whole amount of damages claimed is five thousand dollars ($5,000) or less" (italics added). ██ The demand in the complaint is the basis upon which the $5,000 jurisdictional limit is tested (*Williams* v. *Rosinsky Motor Co.* (1955) 133 Cal.App.2d Supp. 798 [284 P.2d 979]; *Rosenkranz* v. *Pellin* (1950) 99 Cal.App.2d 650, 653 [222 P.2d 249]) and in this case the open-ended demand could have resulted in a judgment in excess of $5,000. ██ A plaintiff may, however, avoid this barrier to municipal court jurisdiction by remitting damages in excess of $5,000. (§ 396; *Williams* v. *Rosinsky Motor Co., supra,* at p. 803.) Plaintiffs attempted to do so by the addendum to their complaint.

██ In unlawful detainer actions, there are, however, two tests for municipal court jurisdiction—a claim for damages of $5,000 or less *and* rental value of $600 or less per month. These are independent tests and both must be satisfied for the municipal court to have jurisdiction. (See *Rosenkranz* v. *Pellin, supra,* 99 Cal.App.2d 650.) The complaint in this case alleged that the reasonable rental value of the premises is the sum of $27 per day (in excess of $600 per month) and plaintiffs took no action purporting to remit the excess rental value.

Even if it could be said that plaintiffs here attempted to remit rental values in excess of $600 per month, such an attempt would be of no avail. Remissions are provided for by section 396 as follows: "In any case where the lack of jurisdiction is due solely to an excess in the amount of the demand, the excess may be remitted and the action may continue in the court where it is pending." ██ It thus appears that the Legislature has provided for remission in respect of the total sum demanded by the complaint and prayer, but not with regard to the rental value of the property. As has been seen, section 86, subdivision (a)(4) has a two-pronged test for jurisdiction, the total amount of a demand and the rental value of the property. While one might decline to receive as damages rent in excess of $600 per month, it does not seem possible to remit excess rental value, an objective fact. Other portions of section 86 also evidence the legislative intent to limit jurisdiction of the municipal court to actions respecting property of limited value, e.g., subdivisions (a)(1), (a)(2) and (b)(1). ██ These limitations are strictly construed. (See *Greene* v. *Municipal Court* (1975) 51 Cal.App.3d 446, 451 [124 Cal.Rptr. 139].) ██ Since the rental value alleged by plaintiffs exceeds the rental value limitation, the municipal court does not have jurisdiction over this subject matter.

The judgment is reversed with directions to set aside the dismissal and transfer the action to the superior court.

Appellants shall recover their costs on appeal.

Saeta, J., concurred.

**COLE, P. J.,** Concurring.—I agree with all of the foregoing except that I do not feel it necessary to express a view about the perhaps mischievous dictum concerning excessive rental values.