[No. B056737. Second Dist., Div. Six. Feb. 5, 1992.]

H. MICHAEL BENNETT, as Trustee, etc., Plaintiff and Appellant, v. ALBERT LEATHERBY et al., Defendants and Respondents.

COUNSEL

Fields & Hoffmann and Howard M. Fields for Plaintiff and Appellant.

Greve, Clifford, Diepenbrock & Paras, Knox, Lemmon & Brady, Thomas S. Knox, Peter D. Lemmon and W. Gregory Day for Defendants and Respondents.

OPINION

**GILBERT, J.**—The guarantors of a lease agree to guarantee the performance of a lessee and any successors, assignees or sublessees. Here we hold that a sublessee who assumes all obligations under the prime lease, with the consent of the lessor, is a principal debtor. Therefore, if the lessor impairs its rights or remedies against the sublessee, without the consent of the guarantors, the guarantors are released from their guaranty.

Plaintiff H. Michael Bennett, trustee of a testamentary trust, appeals a summary judgment in favor of defendants Albert Leatherby and David Leatherby, Jr.

We affirm. The Leatherbys are exonerated from their guaranties by California Civil Code section 2819.[1]

FACTS

On February 15, 1984, the testamentary trust of H. T. Bennett leased real property at 26 West Anapamu Street in Santa Barbara to Leatherby Marketing, Inc. (LMI or lessee). The lease was for 10 years and 3 months and contemplated that the lessee would sublet the property to a franchisee who would operate a restaurant.

Defendants Albert Leatherby and David Leatherby, Jr., agreed to guarantee, for five years, the performance of LMI, "its successors or assigns" under the lease. The guaranty stated: "This Guaranty will continue to be in full force and effect even though Lessee assigns its obligations hereunder or subleases the premises, and this Guaranty applies to any successor, assignee or sublessee or Lessee."

Approximately one year later, LMI subleased the real property to "Auburn, Santa Barbara & Stockton Leatherby's Partners" (Partnership or sublessee). This sublessee expressly agreed to assume all obligations of LMI's lease with the trust. The trust consented to the sublease, in part, because sublessor LMI agreed to remain "fully obligated" under the lease. Thus, both the sublessor and sublessee agreed to perform all obligations of the prime lease between the trust and LMI.

On June 3, 1987, during the fourth year of the 10-year lease, the sublessee defaulted in payment of rent. Thereafter, the trust settled with two general partners of the sublessee for $50,000. The trust then released the two general partners "from all claims, demands, causes of action, obligations, damages or liabilities relating in any way to the Lease and/or the Sublease . . . ."

Defendants Leatherby, guarantors of the lease and sublease, were unaware of the settlement and did not consent to this release.

The trust then brought this action against the Leatherbys, seeking $228,562.40 in damages, plus attorney's fees, under the Leatherbys' guaranty. The Leatherbys moved for summary judgment, asserting the trust's

---

[1]All statutory references are to the California Civil Code.

settlement with and release of the two general partners of sublessee exonerated their guaranty under sections 2819 and 1543.[2] The trial judge agreed and entered judgment for the Leatherbys. The trust's appeal followed.

## DISCUSSION

■ The trust contends its settlement with and release of the partners of the sublessee does not exonerate the Leatherbys' guaranty under sections 2819 and 1543. It asserts the sublease was not "the original obligation" and the sublessee was not a "principal" under section 2819. The trust also points out the interpretation of section 2819 is a question of law which a reviewing court may independently decide. (*Shoban* v. *Board of Trustees* (1969) 276 Cal.App.2d 534, 541 [81 Cal.Rptr. 112].)

Section 2819 exonerates a surety if the creditor, without the surety's consent, alters the "original obligation" or impairs or suspends the creditor's "remedies or rights" against the debtor. The statute serves to release a guarantor whose subrogation rights against the debtor are impaired.

■ Under section 2848, a surety who has satisfied the principal's debt may enforce "every remedy which the creditor then has against the principal." One who is not a volunteer but who pays the obligation of another is equitably subrogated to all rights held by the creditor against the debtor. (*Union Bank* v. *Gradsky* (1968) 265 Cal.App.2d 40, 44 [71 Cal.Rptr. 64].) A creditor must not impair a surety's remedies against the principal debtor. (*Id.*, at p. 46; *Lamb* v. *Wahlenmaier* (1904) 144 Cal. 91, 96 [77 P. 765] (cites example of a surety discharged where creditor settles with and releases principal debtor).)

■ Here, by the express terms of the sublease, the sublessee assumed all obligations of the prime lease. The trust, as lessor, consented to the sublease and required "the specific assumption of all of the obligations . . . under the Prime Lease" by sublessee. By assuming the obligations of the prime lease, sublessee bound itself to perform all covenants, express and implied, of that lease. (*Hartman Ranch Co.* v. *Associated Oil Co.* (1937) 10 Cal.2d 232, 244-245 [73 P.2d 1163]; *Rosenkranz* v. *Pellin* (1950) 99 Cal.App.2d 650, 653 [222 P.2d 249].) The assumption of the lessee's duties with the express consent of the lessor made the sublessee a "principal" debtor of the "original obligation" within section 2819. (Fn. 2, *ante*.)

[2]Section 2819 provides: "A surety is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the surety the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended."

Section 1543 provides: "A release of one of two or more joint debtors does not extinguish the obligations of any of the others, unless they are mere guarantors . . . ."

The two general partners of the sublessee were responsible for $228,562 due the trust. The trust settled with them for $50,000, and gave them a general, all-encompassing release. This impaired the future rights of the trust against those two partners.

The Leatherbys, as guarantors, would succeed to the trust's rights against the two partners under principles of subrogation. (§ 2848.) Because the trust released its rights, the Leatherbys succeed to nothing; they have no rights or remedies against the two settling partners. Section 2819 exonerates the Leatherbys' guaranty under these circumstances.

The trust contends the Leatherbys agreed to guarantee only the lessee's performance under the prime lease, not the performance of the sublessee. We disagree because the plain language of the prime lease provides the guaranty is a continuing one: "[The Leatherbys] guarantee the full and faithful performance by Lessee, its successors or assigns . . . . [¶] This Guaranty will continue to be in full force and effect even though Lessee assigns its obligations hereunder or subleases the premises, and this Guaranty applies to any successor, assignee, or sublessee or Lessee."

At the onset of the prime lease, the trust bargained for the Leatherbys' guaranty of both the lessee's performance and the performance of its assignee or sublessee. With the burdens of a continuing guaranty should also come its benefits. The Leatherbys were entitled to rely upon a corresponding right of subrogation against an assuming sublessee who assumed with the consent of the lessor. That right of subrogation has been impaired by the creditor's complete release of the two partners of the sublessee. (See *Callaghan v. Olsen* (1922) 58 Cal.App. 96 [207 P. 1014] (impairment of creditor's remedies does not occur if creditor compromises amount owed on past, not future, rent).)

We need not decide if the "original obligation" was altered under section 2819 or if section 1543 exonerates the Leatherbys. Moreover, citation to authority by each party states but general principles of landlord-tenant or surety law; we need not distinguish the facts of those decisions here.

Accordingly, the judgment is affirmed. The plaintiff trustee, H. Michael Bennett, is to bear costs on appeal.

Stone (S. J.), P. J., and Yegan, J., concurred.