[No. G015362. Fourth Dist., Div. Three. Jan. 27, 1995.]

In re JESUS J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Appellant, v.
JESUS J., Defendant and Respondent.

## COUNSEL

Michael R. Capizzi, District Attorney, Maurice L. Evans, Chief Assistant District Attorney, Wallace J. Wade, Assistant District Attorney, Kathleen M. Harper and Gregory J. Robischon, Deputy District Attorneys, for Plaintiff and Appellant.

Phillip I. Bronson, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**SONENSHINE, J.**—In this appeal we determine the trial court erred in dismissing the proceedings against Jesus for discovery abuses without considering the interests of justice and Jesus' welfare. Accordingly, we reverse.

## I

On October 5, 1993, a Welfare and Institutions Code[1] section 602 petition was filed charging Jesus with robbery. The next day, Jesus was ordered detained pending a jurisdictional hearing on October 26.

On that day, Jesus was ready for trial before Judge Briseno. However, the judge reported, "The district attorney has informed me that they're unable to proceed as of today's date. However, they plan to be ready to proceed to hearing within two weeks." Judge Briseno released Jesus and ordered him to appear for trial on November 10. In addition, the judge stated, "I've also indicated that if the petitioner is unable to proceed on that date, [] the matter will be dismissed on the court's own motion."

On November 10, the parties appeared before Judge Hutson. Defense counsel indicated she had received police reports from the prosecution that day and needed more time to read and investigate the reports. She informed Judge Hutson that her failure to receive discovery before the original trial date of October 26 was the impetus for Judge Briseno's threat to dismiss the case. Apparently, the district attorney's office was doing its best to obtain the police reports, but the police department was not cooperating. Judge Briseno "felt that the police department needed to be taught a lesson" for being obstinate.

The prosecutor admitted his office had failed to supply timely discovery in the case. However, he argued the seriousness of the crime and lack of bad faith precluded dismissal. Instead, the prosecutor suggested "a sanction such as preventing the People from utilizing potentially inculpatory material."

Judge Hutson was not persuaded. He noted the defense would likely need time to examine the recently disclosed reports. He found the tardiness in discovery "to be in violation of the intent that Judge Briseno had" and dismissed the case "with prejudice for failure to provide discovery."

## II

■ The People advance three reasons why the dismissal order should be reversed: (1) The order does not serve the interests of justice, (2) the court was without authority to dismiss with prejudice, and (3) the court failed to

---

[1]All statutory references are to the Welfare and Institutions Code.

state its reasons for dismissal in the minutes. We find the first reason alone justifies a reversal.

Section 782 provides, "A judge of the juvenile court [] may dismiss the petition [] *if the court finds that the interests of justice and the welfare of the minor require such dismissal*, or if it finds that the minor is not in need of treatment or rehabilitation." (Italics added.)

Jesus maintains section 782 is inapt because California Rules of Court, rule 1420(j) provides a specific basis for dismissal for failure to comply with the rules of discovery.[2] According to Jesus, "This court should simply look to the provisions of rule 1420 which provide that a juvenile court may dismiss a juvenile proceeding for a discovery violation[.]"

The Judicial Council may promulgate rules for juvenile proceedings. (§ 265.) But where a rule is inconsistent with the legislative intent, it will be disapproved. (*In re Robin M.* (1978) 21 Cal.3d 337, 346 [146 Cal.Rptr. 352, 579 P.2d 1]; see also *People* v. *Hall* (1994) 8 Cal.4th 950 [35 Cal.Rptr.2d 432, 883 P.2d 974].) Such is the case here. The Legislature has expressly delineated the circumstances which allow a juvenile court to dismiss a petition. (§ 782.) To the extent rule 1420 permits the juvenile court to dismiss a petition solely because of discovery abuses, it is inconsistent with legislative intent and hereby disapproved.

The order here did not comport with the section 782 standard because Judge Hutson failed to contemplate the interests of justice or Jesus' welfare in dismissing the proceedings. Instead, he merely carried out Judge Briseno's intent to punish the police for failing to make their reports available. "There is authority for the use of the dismissal power as a punishment imposed on the prosecution. However, that sanction is not appropriate, and lesser sanctions must be utilized by the trial court, unless the effect of the prosecution's conduct is such that it deprives the defendant of the right to a fair trial. [Citation.]" (*Derek L.* v. *Superior Court* (1982) 137 Cal.App.3d 228, 235 [186 Cal.Rptr. 870]; see also *In re Albert M.* (1992) 7 Cal.App.4th 353, 358 [8 Cal.Rptr.2d 653] [section 782 dismissal inappropriate absent actual prejudice to minor].)

---

[2] Rule 1420(j) provides: "If at any time during the course of the proceedings it is brought to the attention of the court that a person has failed to comply with this [discovery] rule or with an order issued under this rule, the court may order the person to permit the discovery or inspection of materials not previously disclosed, grant a continuance, prohibit a party from introducing in evidence the material not disclosed, dismiss the proceedings, or enter any other order the court deems just under the circumstances."

Jesus was not denied his right to a fair trial. He was not in custody, nor did he suffer any discernible prejudice from the People's unintentional discovery blunders. The dismissal order was clearly excessive under the circumstances.

The order of dismissal is reversed, and the matter remanded for further proceedings consistent with this opinion.

Sills, P. J., and Crosby, J., concurred.