[No. D046520. Fourth Dist., Div. One. Mar. 7, 2006.]

In re JAVIER G. et al., Persons Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Plaintiff and Respondent, v.
MARIA S., Defendant and Appellant.

454

**COUNSEL**

Patti L. Dikes, under appointment by the Court of Appeal, for Defendant and Appellant.

John J. Sansone, County Counsel, Susan Strom, Chief Deputy County Counsel, and Gary C. Seiser, Deputy County Counsel, for Plaintiff and Respondent.

Kathleen Murphy Mallinger, under appointment by the Court of Appeal, for Minors.

**OPINION**

**McINTYRE, J.**—Maria S. appeals from the adjudication and disposition orders of the juvenile court under Welfare and Institutions Code section 387. (Statutory references are to the Welfare and Institutions Code unless otherwise specified.) Maria contends the section 387 petition failed to state a cause of action, and the court's findings and orders sustaining the petition and removing the children from parental custody were not supported by substantial evidence. The children, Javier and Hector, join Maria's brief in its entirety. (Cal. Rules of Court, rule 13; rule references are to California Rules of Court.) The judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

Maria S. has four children: Javier G., born in 1989, Hector, born in 1991, Nancy born in 1992, and Eduardo, born in 1993. Only Javier and Hector (together, older brothers) are the subjects of this appeal.

In January 2003 the San Diego County Health and Human Services Agency (the Agency), detained the children and filed petitions alleging Maria subjected Nancy to inappropriate discipline and the boys were at risk of similar abuse. After sustaining the section 300 petitions, the court placed

Javier, Hector and Eduardo in Maria's care with family maintenance services. Nancy remained in foster care.

At the 12-month review hearing in April 2004 the Agency reported Hector and Eduardo were doing well at home and at school. Javier displayed aggressive behavior towards his siblings and was failing several classes at school.

In August 2004 the Agency filed a subsequent petition under sections 342 and 300, subdivision (c), alleging Javier and Hector sexually molested Nancy on multiple occasions before Nancy's detention and later during her unsupervised home visits. The petition alleged Javier and Hector were suffering serious emotional damage and in need of mental health treatment. The court sustained the subsequent petition, ordered no contact between Nancy and her older brothers and continued Javier's and Hector's placement with Maria with specialized services.

In October 2004 Eduardo reported his older brothers repeatedly hit him with their fists and called him "fag." The abuse caused Eduardo significant distress. Javier and Hector denied abusing Eduardo and said it was only "rough play" or "play fighting." Hector explained "play fighting" was when no one cried or was bloodied or bruised.

In November 2004 the Agency filed a petition under section 387 on behalf of Javier and Hector alleging their placement with Maria had not been effective in their protection or rehabilitation, in that the older brothers previously sexually assaulted Nancy and were currently physically abusing Eduardo. The Agency recommended Javier's and Hector's placement in a foster home or a licensed group home.

At the December 2004 contested adjudication hearing, Maria testified the boys played rough and liked to play fight and wrestle. She disciplined Javier for fighting with Eduardo. The boys stopped fighting after the social worker warned them to stop. If Javier and Hector were returned to her custody, she could ensure Eduardo was never left alone with them.

The court found the allegations of the section 387 petition true by clear and convincing evidence and continued the disposition hearing to allow time for psychological evaluations of Javier and Hector. After the section 387 adjudication findings and orders, Maria, Javier and Hector filed notices of appeal. We dismissed the earlier appeals for lack of appellate jurisdiction. (*In re Javier G.* (2005) 130 Cal.App.4th 1195 [30 Cal.Rptr.3d 837] [§ 387 adjudication findings are interlocutory and nonappealable].)

The evaluating psychologist recommended placement for Javier in a structured and supervised residential treatment program with intensive psychotherapy and other services. For Hector, the placement recommendation was residential treatment. In May 2005 at the section 387 disposition hearing, the court placed Javier and Hector in separate group homes with ordered therapeutic treatment.

## DISCUSSION

### A

Maria contends the court erred when it denied her motion for a nonsuit at the close of evidence at the December 10, 2004 hearing. She argued the facts showed only the boys were roughhousing and play fighting. The court denied the motion on the ground it was not properly presented or timely.

In a trial by the court, a motion for nonsuit is not recognized. The correct motion is a motion for judgment under Code of Civil Procedure section 631.8. (*Commonwealth Memorial, Inc. v. Telophase Society of America* (1976) 63 Cal.App.3d 867, 869, fn. 1 [134 Cal.Rptr. 58].) A motion for judgment is properly made by a party after the other party has completed his presentation of the evidence. (Code Civ. Proc., § 631.8, subd. (a).) The purpose of this rule is to enable the court to find that evidence does not justify requiring the defense to produce evidence, and the court to weigh evidence and to make findings of fact. (*Pettus v. Cole* (1996) 49 Cal.App.4th 402, 404 [57 Cal.Rptr.2d 46].)

Maria's motion was made after the parties rested. All evidence had been received. The court appropriately characterized the motion as final argument and correctly ruled the motion was not presented in a timely manner.

### B

Maria claims the section 387 petition failed to state a cause of action. The Agency argues this issue is forfeited on appeal by Maria's failure to challenge the sufficiency of the petition at trial.

Generally, the sufficiency of a petition cannot be challenged for the first time on appeal. (*In re S.O.* (2002) 103 Cal.App.4th 453, 459–460 [126 Cal.Rptr.2d 554].) If the jurisdictional findings are supported by substantial evidence, the adequacy of the petition is irrelevant. (*In re Athena P.* (2002) 103 Cal.App.4th 617, 626–627 [127 Cal.Rptr.2d 46]; see also *In re Jessica C.* (2001) 93 Cal.App.4th 1027, 1036–1038 [113 Cal.Rptr.2d 597].) The only exception occurs when a parent claims a petition fails to provide actual notice

of the factual allegations. Unless the alleged factual deficiencies result in a miscarriage of justice, the reversal of a jurisdictional order supported by substantial evidence is unwarranted. (*In re Athena P., supra*, 103 Cal.App.4th at pp. 627–628; *In re Jeremy C.* (1980) 109 Cal.App.3d 384, 397 [167 Cal.Rptr. 283].)

Here, Maria argues the petition was "poorly and inadequately worded." She does not claim she received inadequate notice of the allegations, that is, Javier's and Hector's placement in parental custody had not been effective in treating their serious emotional damage. Therefore, we review the petition for substantial evidence and need not separately address the claim the petition did not state a cause of action.

### C

Maria asserts, as a matter of law, a section 387 petition cannot be used to remove a dependent child from parental custody for the purpose of rehabilitation rather than for protection. Maria points out that the focus of dependency proceedings is to protect a child from danger or actual harm. Therefore, she argues, changes to a more restrictive level of placement can be made only for protective purposes.

We review issues of law de novo.

■ Under section 387, the petitioner must prove the "previous disposition has not been effective in the rehabilitation or protection of the child." (§ 387, subd. (b).) The Agency acknowledges the court rules governing section 387 proceedings do not include the term "rehabilitation" and refer only to the "protection" of the child. (Rules 1430(c), 1431(a).) Rules inconsistent with legislative intent will be disapproved. (§ 265; *In re Jesus J.* (1995) 32 Cal.App.4th 1057 [38 Cal.Rptr.2d 429]; *In re Aaron R.* (2005) 130 Cal.App.4th 697, 704 [29 Cal.Rptr.3d 921].)

■ We agree with the Agency that rules 1430(c) and 1431(a) should not be construed to limit a supplemental petition to only those cases in which the previous disposition did not effectively protect the child. The Legislature included the term "rehabilitation" in section 387; to ignore the term is inconsistent with the plain language in the statute. (*Mutual Life Ins. Co. v. City of Los Angeles* (1990) 50 Cal.3d 402, 412 [267 Cal.Rptr. 589, 787 P.2d 996].) We conclude that a petition under section 387 can be sustained on facts supporting an allegation that the previous disposition has not been effective in the rehabilitation of the child.

The policy underlying the inclusion of rehabilitation as a ground for removal from parental custody is sound. In some cases, the limit of a parent's

capabilities to meet a child's special needs may be reached and the child, through no lack of effort on the parent's part, requires a more structured environment or greater intervention than can be provided in the home. In such cases, the term "rehabilitation" is not, as Maria suggests, limited to its more punitive definition within the juvenile delinquency or criminal law framework. (See Black's Law Dict. (8th ed. 2004) p. 1311.) In contrast, the term "rehabilitation" in section 387 suggests the restoration of the child's mental or physical health by therapeutic measures, retraining or reeducation. (See Webster's 3rd New Internat. Dict. (2002) p. 1914.)

Maria also confuses the issue when she looks to the initial section 300 petition and disposition for the purpose of the prior placement. Although the primary purpose of earlier proceeding was to protect the boys from the risk of harm caused by Maria's physical abuse of a sibling, the court subsequently found Javier and Hector to be dependent children within the meaning of section 300, subdivision (c), in that they were suffering or at risk of suffering serious emotional damage as evidenced by their sexually aggressive behaviors toward their sister. Although Maria's ability to provide appropriate structure and supervision for her children remained at issue, the section 342 findings refocused the court's emphasis from the parent to Javier's and Hector's needs for effective mental health intervention and treatment, that is, their need for rehabilitation.

### D

Under section 387, in order to place a child in a more restrictive placement, the court must find that the previous disposition was not effective in the rehabilitation or protection of the child. (§ 387, subd. (b).) Maria asserts the Agency must also prove at the adjudication phase there is a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor and there are no reasonable means to protect the minor's physical health without removing him or her from the parent's physical custody. (§§ 361, subd. (c)(1), 387, subd. (a); *In re Paul E.* (1995) 39 Cal.App.4th 996, 1000–1003 [46 Cal.Rptr.2d 289]; *Kimberly R. v. Superior Court* (2002) 96 Cal.App.4th 1067, 1077 [117 Cal.Rptr.2d 670].)

■ We believe the issue at the adjudication hearing on a supplemental petition is limited to the question whether the previous disposition was effective in the rehabilitation or protection of the child. Under rule 1431, a hearing under section 387 must be bifurcated into (1) an adjudicatory hearing on the merits of the allegations in the petition and (2) a disposition hearing on the need for the removal of the child from his or her current level of placement. At the conclusion of the adjudicatory hearing on a supplemental petition "the court shall make findings that: [¶] (A) The factual allegations are

or are not true; and [¶] (B) The allegation that the previous disposition has not been effective is or is not true." (Rule 1431(d)(1).) The standard for removal from parental custody under section 361, subdivision (c)(1), is relevant only in a disposition hearing after the court has made true findings under rule 1431(d)(1).

Here, Maria asserts the evidence was insufficient to sustain a true finding on the petition. She contends the facts, if proved, showed only that the brothers engaged in play fighting and roughhousing.

By the time the section 387 petition was filed, Maria and her children had received approximately 18 months of court-ordered services primarily structured to address issues of family violence and physical abuse. The family's social history indicated physical aggression was a long-standing problem. The children's father left the family in 1994. Maria described him as abusive. After he disappeared, the Agency investigated five allegations of physical abuse, primarily on Eduardo, by Maria or a sibling from 1996 to 2000. Maria also used physical force to discipline Javier. As a result of Agency intervention, the family received family maintenance services from May 1997 to October 1998, including individual therapy for Maria and group therapy for the children.

In October 2000 Eduardo complained of Javier's aggressive behavior. In January 2003 Eduardo had a bruise on his left cheek and said Javier had punched him. He told the social worker one of his brothers burned him with "a light" when he was younger, leaving a mark.

Javier's sexual abuse of Nancy began approximately in August 2002 and continued until Nancy disclosed the abuse in July 2004. Hector began abusing Nancy during unsupervised visits after the initial section 300 petition was filed. In August 2004 the Agency referred Javier and Hector to individual therapy and the STEPS program for perpetrators of juvenile sexual abuse. The STEPS program included individual and group therapy. Maria was referred to weekly individual therapy, SAFE Paths group for nonprotecting parents, and homemaker services.

After Nancy's unsupervised visitation ended, apparently Javier and Hector became more aggressive with Eduardo, hitting him on an almost daily basis until Halloween 2004. Maria's intervention stopped the sibling abuse "only for a little while."

The trial court looked closely at the argument the brothers' behavior was normal "boys-will-be-boys roughhousing." Against the backdrop of family violence and the sexual assaults on their sister, the court reasonably

concluded Javier's behavior was predatory and Javier and Hector abused their siblings in a systematic and serious manner. After 18 months of in-home and therapeutic services, the family continued to need "intense services." Maria was unable to provide sufficient structure and supervision to effectively modify Javier's and Hector's behaviors. The therapeutic services provided to date had not allowed either brother to gain much insight into their aggressive actions and their effect on others. Substantial evidence supports the trial court's conclusion the previous dispositional order was not effective in rehabilitating or protecting Javier or Hector.

E

If, at the section 387 adjudication, the court finds the previous disposition was not effective in the protection or rehabilitation of the child, the court is required to hold a disposition hearing. (Rule 1431(d)(1).) If the proposed removal of the child is from a parent or guardian, the court must apply one of the applicable standards found in section 361, subdivision (c). (*In re Heather A.* (1996) 52 Cal.App.4th 183, 193 [60 Cal.Rptr.2d 315]; see *Kimberly R. v. Superior Court, supra*, 96 Cal.App.4th at p. 1077.) Here, the court did not state the applicable standard under section 361, subdivision (c) in its dispositional orders or on the record.

Maria argues section 361, subdivision (c)(1) governs disposition. This subdivision requires the court to find by clear and convincing evidence there is a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the child and there are no reasonable means to protect the child's physical health without removing him or her from parental custody. Maria asserts Javier and Hector were not at risk of serious physical harm in her custody. Maria argues their removal was improperly made for Eduardo's protection and she can take reasonable measures to protect Eduardo from further brotherly harm.

Although we do not subscribe to Maria's argument that an aggressive child is not at risk of physical harm, the applicable standard for Javier's and Hector's removal from Maria's custody at disposition is properly found under section 361, subdivision (c)(3). This subdivision requires a finding that the child is suffering severe emotional damage and there are no reasonable means by which the child's *emotional health* may be protected without removing the child from the physical custody of the parent or guardian. (§ 361, subd. (c)(3).)

The juvenile court has broad discretion to determine what would best serve and protect the child's interest and to fashion a dispositional order. (*In re Jose M.* (1988) 206 Cal.App.3d 1098, 1103–1104 [254 Cal.Rptr. 364].) On a challenge to an order removing a dependent child from his or her parent, we

"view the record in the light most favorable to the order and decide if the evidence is reasonable, credible and of solid value." (*Kimberly R. v. Superior Court, supra,* 96 Cal.App.4th at p. 1078.) We draw all reasonable inferences from the evidence to support the findings and orders of the dependency court. (*In re Heather A., supra,* 52 Cal.App.4th at p. 193.)

In February 2005 Javier was diagnosed with adjustment disorder with anxiety and depression, impulse control disorder and learning disorder. He qualified for the diagnosis of severely emotionally damaged. Javier showed little insight into his actions and saw himself as a victim. He was at risk for continued aggressive and sexual acting-out behaviors. The psychologist recommended a structured and supervised residential treatment program, intensive psychotherapy, participation in SAFE Paths group and the development of an individualized education plan.

For Hector, the psychologist recommended a residential treatment program, continued participation in the STEPS program and individual therapy. Although Hector was remorseful, he showed serious problems with impulse control. Due to his abuse of his siblings, he qualified for the diagnosis of severely emotionally damaged. Hector was responding well to a structured therapeutic environment.

As we discussed in part D, *ante,* previous counseling services were not effective in treating Javier's and, to a lesser extent, Hector's, systematic abuse of their siblings. Maria was not able to provide the older brothers with sufficient structure and supervision to moderate their behaviors. The trial court reasonably concluded Javier and Hector required therapeutic treatment in an appropriately structured environment. The fact that Javier's and Hector's removal from parental custody served to protect Eduardo from further physical abuse is of no import; were Javier and Hector assaulting nonfamily members, our analysis would be the same. Substantial evidence supports the court's dispositional orders removing Javier and Hector from parental custody.

F

■ In a section 387 disposition hearing, the Agency has the burden of proof to show reasonable efforts were made to prevent or eliminate the need for removal. (*Kimberly R. v. Superior Court, supra,* 96 Cal.App.4th at p. 1077; see § 361; rules 1431, 1446(c), 1455, 1456(e).)

Maria argues reasonable efforts were not made to prevent or eliminate the need for the removal of Javier and Hector from her custody. Maria contends the Agency's efforts were deficient because the social worker did not refer

Eduardo to therapy, reinstate in-home support services, help arrange childcare for Eduardo or ask the STEPS therapist to address the older brothers' aggressive behaviors toward Eduardo in therapy.

The Agency argues Maria forfeited the right to raise this issue on appeal when she did not object to the court's finding the Agency made reasonable efforts to prevent or eliminate the need for removal. The Agency points out Maria did not request Javier's return to her custody.

■ Generally, issues not raised in the trial court cannot be raised on appeal. "The contention that a judgment is not supported by substantial evidence, however, is an obvious exception to the rule." (*Tahoe National Bank v. Phillips* (1971) 4 Cal.3d 11, 23, fn. 17 [92 Cal.Rptr. 704, 480 P.2d 320].) In other words, when the merits of a case are contested, a parent is not required to object to the agency's failure to carry its burden of proof. (*In re Brian P.* (2000) 99 Cal.App.4th 616, 622–623 [121 Cal.Rptr.2d 326]; *In re Richard K.* (1994) 25 Cal.App.4th 580, 588–589 [30 Cal.Rptr.2d 575].)

■ Here, Maria contested the merits of the Agency's section 387 proceedings. At the final disposition hearing she apparently acquiesced to Javier's proposed placement in residential treatment. However, she did not submit on the Agency's recommendations. (See *In re Kevin S.* (1996) 41 Cal.App.4th 882, 886 [48 Cal.Rptr.2d 763].) In a dependency case, when a parent submits or acquiesces on a particular record, "the court must nevertheless weigh evidence, make appropriate evidentiary findings and apply relevant law to determine whether the case has been proved." (*In re Richard K., supra,* 25 Cal.App.4th at p. 589.) Even if the parent does not contest the state of the evidence, he or she preserves the right to challenge it as insufficient to support a particular legal conclusion. We also note the older brothers' attorney squarely raised the issue at trial, stating, "I would submit that we really haven't reached the point where we have exhausted all of the things that we can work on before removing these boys from the home." The issue is not forfeited on appeal. (*In re Brian P., supra,* 99 Cal.App.4th at pp. 622–623.)

As we discussed in part D, *ante,* extensive and reasonable services were provided to Maria, Javier and Hector to prevent or eliminate the need for their removal from parental custody. We are not persuaded by Maria's argument reasonable efforts were deficient because the Agency did not implement therapy for Eduardo, reinstate in-home support services or help Maria arrange childcare for Eduardo. None of these efforts address Javier's and Hector's needs for effective mental health treatment and supervision.

The Agency provided the family with individual and family therapy, parenting classes, sexual abuse treatment programs and in-home family

support services. Javier and Hector participated in specialized therapy through STEPS. The family previously participated in voluntary services. Substantial evidence supports the trial court's finding reasonable services were provided to the family to prevent or eliminate the need for the children's removal from parental custody.

## DISPOSITION

The judgment is affirmed.

McDonald, Acting P. J., and Aaron, J., concurred.