Filed 1/30/15  Bui v. Singh CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| CHRISTINE BUI,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>AMITAPH SINGH,<br><br>        Defendant and Respondent. | A140906<br><br>(San Mateo County<br>Super. Ct. No. CIV515505) |

Christine Bui (appellant), in propia persona, appeals from a judgment entered after the trial court found in favor of Amitaph Singh (respondent) in a personal injury action. Appellant contends:  (1) she had "no meaningful access to the court"; and (2) the trial court should have granted her a "continuance to provide more evidence."  We affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 20, 2010, appellant was driving in the number one lane in the tunnel near Treasure Island on the Bay Bridge when she noticed she was driving too closely to the tunnel wall.  She turned her wheel to correct her car's path, and according to appellant, her car "began to hydroplane into the next lane to the right" and collided with respondent's car.  The right side of appellant's car hit the left front side of respondent's car, which was in lane three.  A police officer arrived at the scene and completed a report after taking statements from the parties.

Appellant filed a complaint against respondent on July 23, 2012 to recover damages for injuries she suffered as a result of the accident.  After the trial court

1

overruled respondent's demurrers to the complaint, the matter proceeded to nonbinding judicial arbitration. The arbitrator found in favor of respondent and appellant filed a request for a trial de novo. The parties waived a jury trial and a court trial was held.

The trial court heard testimony from appellant and admitted various exhibits into evidence. At the end of appellant's presentation of her case, respondent filed a "motion for judgment of nonsuit,"[1] and the trial court granted the motion, finding, "Plaintiff has not carried [her] burden of proof. No negligence found on the part of the Defendant. Judgment of Dismissal is against the Plaintiff. The Defendant to have his cost of suit with a Memorandum of Cost to be prepared. . . ."

## DISCUSSION

### *Access to the court*

Appellant contends she had "no meaningful access to the court" because she "is a poor immigrant, speaks English awkwardly, doesn't understand legal procedure, [and] is overwhelmed by the court system."

In conducting an appellate review, we presume that a judgment of a lower court is correct. "All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Therefore, a party challenging a judgment "has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)

---

[1] Code of Civil Procedure, section 581c, subdivision (a), provides that a defendant may move for a judgment of nonsuit "after the presentation of [plaintiff's] evidence *in a trial by jury*." (Italics added.) Because this was not a jury trial, respondent's motion for "nonsuit" was, in effect, a motion for judgment under Code of Civil Procedure, section 631.8, subdivision (a), which provides that a defendant may "move for a judgment" "[a]fter a party has completed his presentation of evidence *in a trial by the court*." (Italics added.) In this appeal, we will treat the judgment as one entered after the granting of a motion for judgment, not a motion for nonsuit. (*Commonwealth Memorial, Inc. v. Telophase Society of America* (1976) 63 Cal.App.3d 867, 869, fn. 1 ["In a trial by the court, which this was, a motion for nonsuit is no longer recognized. . . . Accordingly, we treat the order granting defendant's motion for nonsuit as a judgment for defendant pursuant to Code of Civil Procedure section 631.8"].)

Here, the record shows that a court trial was held and that appellant had the opportunity to testify on her behalf and present evidence in support of her case. There is nothing in the record indicating that appellant was unable to present certain evidence due to any limitations she may have had. She also does not state what, if anything, the trial court could have done to assist her. In fact, she states, "This is not in any[]way a criticism of the trial judge, who has a superb reputation for patience and fairness. He has to, and does, follow the law." We conclude that appellant has failed to show that she was denied "meaningful access to the court."

### *Continuance*

Appellant contends the trial court should have granted her a "continuance to provide more evidence." She forfeited this claim by failing to request a continuance below. In any event, only prejudicial error results in reversal of a judgment. Error is prejudicial when it is probable that the party against whom it was made would have achieved a better result but for the error. (Cal. Const., art. VI, § 13; Code Civ. Proc., § 475; *Soule v. General Motors Corp*. (1994) 8 Cal.4th 548, 576.) Here, appellant has failed to state what evidence she would have presented if the court had granted her a continuance, and how that evidence would have changed the result in the case. Her contention therefore also fails on the merits.

### DISPOSITION

The judgment is affirmed. Respondent shall recover his costs on appeal.

 

 

_____

McGuiness, P.J.

We concur:

_____

Siggins, J.

_____

Jenkins, J.